MARY E. HYNES *et al.*, Appellants, *against* KATE McDERMOTT *et al.*, Respondents.

SAME, *against* NAPOLEON J. RIGNY *et al.*, Respondents.

SAME, *against* F. GOFFINET *et al.*, Respondents.

(Decided December 20th, 1886.)

In actions of ejectment by the alleged heirs of the deceased owner of the property against defendants in possession claiming as lawful heirs, M., who had been the agent for the property during the owner's

Hynes *v.* McDermott.

lifetime and also for defendants, was by consent of the parties appointed receiver by the court, and duly filed an account, in which he deducted from the amount of moneys collected, five per cent. thereof as "expenses." *Held*, that such sum could only be allowed him as in full of all claims for commissions.

The receiver employed, as his attorney, the attorney for the defendants in the ejectment suit. *Held*, that the rule that a receiver should not employ the counsel of either party to a suit was not applicable, as the receiver was not acting adversely to either party in the case.

An order appointing a receiver, which directs him generally to apply moneys derived from one piece of property to the support of any other, gives implied power to make repairs without first obtaining an order of the court therefor.

As to one piece of property unfavorably situated, and of previous bad reputation, the receiver, personally, with another person, conducted a boarding house therein. *Held*, that he was not liable for the rent, it appearing that he adopted such method for the purpose of procuring an income for the estate from such property, and personally derived no profit therefrom.

The accounts of the receiver showed disbursements amounting to over $58,000, which the court allowed, with the exception of $664. *Held*, that he should not be charged with the expenses of the accounting, no misconduct on his part being shown; but that allowances amounting to $10,000, for services of counsel on such accounting, should be reduced to $2,000.

APPEALS from orders of this court confirming reports of a referee.

The facts are stated in the opinion.

*William H. Secor*, for plaintiffs, appellants.

*John Hallock Drake*, for the receiver, respondent.

PER CURIAM. — [Present J. F. DALY, VAN HOESEN, and ALLEN, JJ.] — The three actions above entitled were brought in November, 1875, to recover possession of real estate: the first to recover possession of 63 Madison Avenue, the second to recover possession of 187 South Fifth Avenue, and the third, 185 South Fifth Avenue, in the City of New York. Four other actions were brought at the same time in the Supreme Court by the same plain-

tiffs to recover possession of 201 West 13th Street, 230 West 48th Street, 232 West 48th Street, and 234 West 48th Street, in said city.

The plaintiffs claimed to be entitled to the possession of the said real estate as the heirs at law of their father, deceased, subject to a right of dower of their mother. At the time of the commencement of the actions the property was in the possession of Mary J. McCreery and Lavinia Gay, sisters of William R. Hynes, deceased, the father of the infant plaintiffs. It was claimed by these sisters that the marriage between the father and mother of the infants was void, and that said infants were not the heirs at law of the said Hynes. Final judgments in favor of the plaintiffs in these actions were entered in 1883. Homer Morgan was appointed receiver of the rents and profits of said real property in October, 1876, by consent of the parties, by orders entered in this court and in the Supreme Court. Mr. Morgan had been the agent of Mr. Hynes in his lifetime in respect to these properties; and after his death he acted as agent for Mrs. McCreery and Mrs. Gay, who went into possession of the property, claiming as heirs at law of the deceased Mr. Hynes. The receiver was permitted by orders of the court to apply any moneys derived from any of the several pieces of property to the support of any other. Two accounts were filed by the receiver, one embracing the time from the date of the commencement of his receivership, October, 1876, to December 31st, 1880, and the other embracing the period from December 31st, 1880, to June 15th, 1883. Objections were filed to said accounts by the plaintiffs, and the accounts and objections were referred to Philo T. Ruggles, Esq., as referee, who filed his report, and the plaintiffs filed exceptions thereto, which were overruled.

The following questions are raised by the plaintiffs' exceptions:

1st. Had the receiver a right to deduct the sum of $2,886.56 for his commissions, and expenses from the amount collected?

2d. Had the receiver the right to retain the defendants' attorney as his attorney?

3d. Had the receiver the right to make the repairs charged for without authority from the court, and in the manner they were made?

4th. Has not the receiver rendered himself personally liable for the rental value of 63 Madison Avenue by reason of his carrying on a lodging and boarding house business there in connection with Mrs. McDermott from October 17th, 1876, to May 1st, 1882, it appearing that the said property did not produce any net income to the said estate?

5th. Should not the receiver have been charged with the expenses of this accounting?

The charge referred to in the first exception was originally called in the account " commissions;" but an amendment was afterwards made by which it was designated as ".expenses." It .appears from the testimony taken before the referee, that it was not intended as a charge of commissions; and it also so appears from the original account, which expressly reserves the matter of receiver's fees. We are in favor of allowing this charge, if it be allowed as the receiver's commissions upon the amount received from the property, but not otherwise. If he is entitled to commissions, it is for just such services as he charges the above sum for; and there cannot be an allowance for commissions and an extra sum for the receiver's services. The order should be modified by providing that the said sum is in full of all claims for commissions.

The second exception raises the question of the right of the receiver to employ or retain defendants' attorney as his own attorney. The general rule, that a receiver should not employ the counsel of either party to a litigation in which he is appointed, is subject to certain limitations. " It is only when the receiver is acting adversely to one of the parties that it has ever been supposed there was any impropriety in employing the counsel of the other " (*Smith v. N. Y. Consolidated Stage Co.*, 28 How. Pr. 377). It does

not appear here, that any objection was ever urged by the parties to these actions against the employment of Mr. Ballestier to aid him in the discharge of his trust; and the referee finds that Mr. Ballestier, while acting as attorney for the receiver, was directed or instructed by none of the parties to the actions, and was consulting with no one in regard thereto except said receiver. We think that the charges of Mr. Ballestier for his services as attorney for the receiver, are reasonable and proper.

The third exception of the plaintiffs has reference to the right of the receiver to make the repairs charged for. It does not seem to us that it was necessary for the receiver to apply to the court for leave to make the repairs that were necessary to protect the property. It appears to have been contemplated he should pursue the course he did, because he was directed by various orders of the court, if necessary, to apply any moneys derived from any of the several pieces of the property to the support of the other. We think the receiver was warranted in laying out what he thought was necessary for repairs, subject to the allowance of such sums as he had spent for that purpose, provided it should appear to the court they were reasonable and proper. We fail to find any evidence that shows that the repairs charged for were not made, that they were not necessary, or that the prices charged therefor were not fair and reasonable.

We do not think the receiver has rendered himself personally liable for the rental of the premises 63 Madison Avenue, by reason of his mode of managing that property. The situation of the Madison Avenue property was peculiarly unfavorable. The house itself had once been used as a house of assignation. It is opposite the Madison Square Garden; it is in a bad neighborhood; and it was undoubtedly difficult to find a good tenant who desired to use it for a proper purpose. Mr. Morgan, after his appointment as receiver, pursued the same method in regard to that property which had been adopted before his appointment. We are not prepared to say it was the best method of managing

the property which he could have adopted, but we have no doubt that he exercised his best judgment, and pursued the plan which seemed to him to be fittest for the purpose of producing revenue from the property. Mr. Morgan's experience in the management of real estate was large. There is nothing in the evidence which indicates bad faith on the part of the receiver in reference to this particular property, and we think that the plaintiffs' fourth exception was properly overruled by the court below.

It is our opinion that there is no reason presented for charging the receiver with the expenses of this accounting. As the rights of infants were involved, it was proper that a very thorough examination should be made of the receiver, of his accounts, and the vouchers relating thereto. Such an examination has been had, and has failed, in our opinion, to show any misconduct on the part of the receiver. His accounts have been substantially sustained by the referee. The accounts of the receiver showed disbursements amounting to $58,175.50; and the amount of disbursements allowed by the referee, and the court below, is $57,511.60; the items disallowed amounting to $663.90.

The conclusion arrived at is, that the orders confirming the report of the referee, modified as herein directed, in regard to receiver's charges for expenses and commissions, should be affirmed, without costs.

We are quite clear, that the allowance of $7,550 to the receiver's attorney and counsel, in addition to the $2,450 previously allowed them, making $10,000, together, for services upon the accounting, was unwarranted. If an extra allowance, in addition to costs, may be given in a special proceeding, as in an action, then the statutory limit was exceeded when the $2,450 was allowed. The whole allowance should be reduced from $10,000 to $2,000, and the order appealed from, modified accordingly.

It is our opinion that the order of October 18th, 1885, as to the $2,500 verdict, should be reversed. On the trial, the judge charged the jury as follows: " If the verdict is for the plaintiffs, you will give the rental value of the prop-

erty during the time the defendants remained in posses-
sion." The jury assessed the damages for detaining the
property at $2,500, which was paid by the defendants.
The defendants were in possession from June 27th, 1874,
to October, 1876. At that time, the receiver was ap-
pointed, and he entered into possession of the property.
We cannot understand upon what theory it can be claimed,
that the defendants have any interest in the rents which
accrued subsequent to the possession of the receiver. The
damages assessed by the jury were for detaining the prop-
erty during the time the defendants remained in possession.
The possession of the defendants ceased in October, 1876,
when the receiver was appointed, so that the defendants
were not in possession of the property from October, 1876,
to February, 1878, which was the date of the trial, and no
damages could have been assessed by the jury for detention
of the property between those dates.

Order confirming referee's report upon accounting of
receiver modified, and as modified affirmed. Order con-
firming referee's report as to compensation of the receiver's
attorney and counsel modified. Order as to verdict
reversed.