[No. 15241.    Department One.—December 28, 1893.]

WILLIAM F. McCANN, Aᴘᴘᴇʟʟᴀɴᴛ, *v.* JAMES C. PENNIE, Aᴅᴍɪɴɪsᴛʀᴀᴛᴏʀ, ᴇᴛᴄ., Rᴇsᴘᴏɴᴅᴇɴᴛ.

Pʟᴇᴀᴅɪɴɢ—Gᴇɴᴇʀᴀʟ Dᴇᴍᴜʀʀᴇʀ.—Upon a general demurrer to a complaint, an objection going only to a part of the cause of action cannot be sustained.

Esᴛᴀᴛᴇs ᴏғ Dᴇᴄᴇᴀsᴇᴅ Pᴇʀsᴏɴs—Aᴄᴛɪᴏɴ Uᴘᴏɴ Cᴏɴᴛʀᴀᴄᴛ Wɪᴛʜ Dᴇᴄᴇ-ᴅᴇɴᴛ—Pᴇʀғᴏʀᴍᴀɴᴄᴇ ɪɴ Fᴏʀᴇɪɢɴ Cᴏᴜɴᴛʀʏ.—The fact that services to be performed under a contract made with a deceased person in his life-time, were to be performed, or were performed in a foreign country, does not affect the right of the person rendering the services to maintain an action thereon in the courts of this state.

Iᴅ.—Lɪᴀʙɪʟɪᴛʏ ᴏғ Pᴇʀsᴏɴᴀʟ Rᴇᴘʀᴇsᴇɴᴛᴀᴛɪᴠᴇ ᴏғ Dᴇᴄᴇᴅᴇɴᴛ.—Where the contract of the deceased is of an executory nature, and his personal representative can fairly and sufficiently execute all the deceased could have done, he may do so and enforce the contract, and is bound to complete the contract, and if he does not, may be made to pay damages out of the estate.

ID.—PRESENTATION OF CLAIM—PLEADING—DEMURRER.—A complaint upon
a claim against the estate of a decedent is not demurrable for not
alleging that the plaintiff presented his claim to the administrator within
the time limited in the notice to creditors, if it does not show upon
its face that it was not so presented, or that it was presented at a date
after the time limited in the notice.

ID.—PRESENTATION OF CLAIM BEFORE NOTICE.—A claim may be presented
before the notice to creditors is published, and such presentation is good.

ID.—STATUTE OF FRAUDS—PLEADING—PRESUMPTION.—Where a contract
is required to be in writing it is not necessary to allege in a pleading
that it was in writing. If necessary to its validity, it will be presumed
that it was in writing, and the bar of the statute must be pleaded in
defense, unless the complaint shows upon its face that the contract is
void under the statute.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion.

*Mich. Mullaney, Aylett R. Cotton,* and *Wm. Grant,* for
Appellant.

It was not necessary that the complaint should allege
that the contract in question was in writing. (*Wake-
field* v. *Greenhood,* 29 Cal. 598; *Broder* v. *Conklin,* 77 Cal.
336, and cases cited; *Nunez* v. *Morgan,* 77 Cal. 432; *Feeney*
v. *Howard,* 79 Cal. 536; 12 Am. St. Rep. 162; *Barnard*
v. *Lloyd,* 85 Cal. 132.) The contention that the com-
plaint does not allege that the plaintiff presented his
claim to the administrator within the time limited in
the notice to creditors, and that therefore the cause is
barred, is untenable, as the question of the statute of
limitations can be reached by demurrer only where it
clearly appears upon the face of the complaint that the
action is barred. (*Jenness* v. *Bowen,* 77 Cal. 311; *Wise*
v. *Williams,* 72 Cal. 544; *Harmon* v. *Page,* 62 Cal. 449.)
It was not necessary to wait before presenting the claim
until notice to creditors should be published. (*Ricketson*
v. *Richardson,* 19 Cal. 331–34; *Janin* v. *Browne,* 59 Cal.
37–43.) The liability of the administrator is not re-
stricted to contracts performable in the state in which
letters of administration are granted. (See 3 Williams
on Executors (Am. notes), pp. 1664, 1723; 1 Chitty on

Contracts, 11th ed., 138; *Janin* v. *Browne*, 59 Cal. 37; *Siboni* v. *Kirkman*, 1 Mees. & W. 421; *Goodall* v. *Marshall*, 11 N. H. 88; 35 Am. Dec. 483, note; Story on Conflict of Laws, 8th ed., secs. 513, 518; *Fletcher* v. *Sanders*, 7 Dana, 345; 32 Am. Dec. 96; *Wilkins* v. *Ellett*, 9 Wall. 740; *Robbins* v. *Wells*, 18 Abb. Pr. 191; *Doolittle* v. *Lewis*, 7 Johns: Ch. 45; 11 Am. Dec. 389; *Vroom* v. *Van Horne*, 10 Paige, 549; 42 Am. Dec. 94; Pomeroy's Remedies and Remedial Rights, sec. 181.) The objection that the complaint fails to allege the presentation of the claim to the administrator cannot be raised by general demurrer. (*Coleman* v. *Woodworth*, 28 Cal. 568; *Bank of Stockton* v. *Howland*, 42 Cal. 129; *Chase* v. *Evoy*, 58 Cal. 348; *Preston* v. *Knapp*, 85 Cal. 559.)

*Naphtaly, Freidenrich & Ackerman,* and *John A. Wright,* for Respondent.

The claim was required to be presented within ten months after the first publication of notice to creditors. (*Verdier* v. *Roach*, 96 Cal. 467; Code Civ. Proc., sec. 1493.) An action upon the claim could not be maintained until it was first presented within due time, and compliance with this condition precedent should have been shown upon the face of the complaint, not in general terms, but by a specific allegation of facts. (*Rhoda* v. *Alameda Co.*, 52 Cal. 350; *Alden* v. *Alameda Co.*, 43 Cal. 272; *Himmelmann* v. *Danos*, 35 Cal. 448; *Dye* v. *Dye*, 11 Cal., 167.)

HAYNES, C.—Judgment was entered against the plaintiff upon demurrer to his complaint, and this appeal is from that judgment.

In May, 1882, Blythe claimed to be the owner and was in possession of a tract of land in Mexico containing about one million eight hundred thousand acres, and at that date entered into a contract with the plaintiff by which the plaintiff and his family should go from San Francisco to Mexico, and live upon the land, and conduct and manage the business of breeding, raising and

selling hogs, cattle, horses and mules thereon from that time until December 31, 1887; and as compensation for plaintiff's services he was to receive fifty dollars per month, fifty acres of said land to be conveyed to him at the expiration of the contract, a certain number of cows, with their increase, and a percentage of the profits resulting from the business; Blythe to furnish a designated number of hogs, cows, brood mares, etc., and to make the improvements necessary for conducting the business.

Plaintiff entered upon the performance of the contract and continued upon the land in charge of the business until August, 1887. Blythe resided in the city of San Francisco, and died in said city April 4, 1883, leaving a large estate in said city and county. On June 12, 1883, Philip A. Roach was appointed administrator of his estate by the superior court of said city and county, and qualified the same day.

After stating the terms of the contract very fully, and assigning several breaches of the same, and alleging the damages sustained therefrom, and other matters not necessary to be stated here, the complaint further alleged that the next day after the appointment and qualification of Roach as administrator, he informed him of his said contract and the particulars of it, and requested immediate and full performance of it on the part of the administrator; that the administrator recognized the validity of the contract, and from that time acted under and partially performed the same, that the court and judge in which the administration proceedings were conducted also recognized the validity and obligation of the contract as against the estate, and at various times from that date until August, 1887, ordered and appropriated sums of money out of said estate, aggregating over twenty thousand dollars, for the purpose of carrying out said contract on the part of the estate, which sums were expended by the administrator for that purpose; that said cause of action did not fully accrue until January 1, 1888, and that on the 19th of February, 1888, he presented to the administrator his

claim, amounting to one million two hundred and twenty-six thousand seven hundred and forty-three dollars, supported by his affidavit, and that his said claim was rejected on the 19th of March, 1888.

The original complaint was filed March 20, 1888. Roach died after suit was commenced, and James C. Pennie became administrator of said estate, and was substituted in place of Roach.

The demurrer was general and special.

1. It is contended in support of the demurrer that, in so far as the complaint sets up a cause of action accruing after the death of Blythe, that the contract out of which it arose was to be executed in Mexico; that the administrator had no control over the lands and interests of his intestate in Mexico, and could not protect plaintiff from the wrongful acts of the Mexican citizen who dispossessed him, and that he had no authority to send funds or property into Mexico for the purpose of fulfilling the contract.

The special grounds of demurrer assigned do not reach these objections to the complaint, and as the objection only goes to a part of the cause of action, viz: that occurring after the death of the intestate, the demurrer cannot be sustained upon that ground. But the fact that the services to be performed under the contract were to be, or were, performed in a foreign country, does not affect his right to maintain an action in the courts of this state against an administrator appointed here. It is not contended that the contract did not survive, nor are any authorities cited to sustain respondent's contention. In *Janin* v. *Browne*, 59 Cal., at page 44, it is said: "Where the contract of the deceased is of an executory nature, and the personal representative can fairly and sufficiently execute all the deceased could have done, he may do so and enforce the contract (Parsons on Contracts, 131); *E converso,* the personal representative is bound to complete such a contract, and, if he does not, may be made to pay damages out of the assets. (*Siboni* v. *Kirkham*, 1 Mees. & W. 418.)"

In 1 Chitty on Contracts, 11 Am. ed., 138, it is said: "It is a presumption of law that the parties to a contract bind not only themselves but their personal representatives. Executors, therefore, are held to be liable on all contracts of the testator which are broken in his lifetime, and, with the exception of contracts in which personal skill or taste is required, on all such contracts broken after his death; and such parties may likewise sue on a contract, although they are not named therein."

The cause of action is transitory in its nature, and might have been maintained against Blythe, had he lived, in any jurisdiction in which he might have been served with process; and hence his administrator is properly sued here without reference to where the contract was made, or was to be performed.

2. Respondent further contends that the complaint fails to state a cause of action because it does not allege that plaintiff presented his claim to the administrator within the time limited in the notice to creditors; that it appears from the complaint that Roach qualified as administrator June 12, 1883, and that his claim was presented to the administrator February 29, 1888, and was rejected March 19, 1888.

The complaint does not show nor allege that notice to creditors was given. If the complaint had alleged that notice to creditors had been given, the complaint would be bad if it alleged a presentation at a date after the time limited in the notice had expired. But a claim may be presented before the notice is published, and such presentation is good. (*Ricketson* v. *Richardson*, 19 Cal. 330; *Hibernia Sav. & Loan Soc.* v. *Hayes*, 56 Cal. 306; *Field* v. *Field*, 77 N. Y. 294.) In *Janin* v. *Browne*, 59 Cal. 43, it was said: "It is not the publication of notice which is the prerequisite to the maintenance of an action on a claim, but the proper presentation of a claim and its rejection."

I am not aware of any case holding that a complaint

is bad on general demurrer, where it is alleged that the claim was presented in due form, but contained no allegation touching publication of notice to creditors.

In *Wise* v. *Hogan*, 77 Cal. 184, the complaint alleged a presentation of the claim "within ten months next following and succeeding the first publication of notice to creditors."

It was claimed in that case that the complaint stated no cause of action, inasmuch as the notice may have required the presentation of claims within four months; but the court held that such objection could not be raised by general demurrer, and said: "Although defectively stated, there is an allegation of the presentment of the claim," and cited several cases in support of that proposition. The language of section 1500 of the Code of Civil Procedure, that "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented," etc., is analogous to the statute of frauds, which declares that no action shall be maintained on, etc., unless, etc.; and the bar of the statute must be pleaded in defense, unless the complaint shows upon its face that the contract is void under the statute; and a similar rule prevails in regard to the statute of limitations.

The special demurrers "b" and "c" go to the same point, and are sufficiently covered by what has been said. Special demurrer "a" is that it does not appear that the contract between the plaintiff and Blythe was in writing. Even though the contract were void if not in writing, it is not necessary to allege that it was in writing. If necessary to its validity it will be presumed that it was in writing. (*Broder* v. *Conklin*, 77 Cal. 336, and cases there cited.)

The judgment should be reversed, with directions to overrule the demurrer, with leave to the defendant to answer.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment be reversed, with directions to the court below to overrule the demurrer to the complaint, with leave to the defendant to answer.

Paterson, J., Garoutte, J., and McFarland, J.