1. TRUST—DEPOSIT IN BANK.
   Where a debtor opens an account in trust for his creditor, it creates a trust additional to the debt, where it appears that he intended to create such a trust, and did not intend it as a payment of the debt.

2. TAXATION—PAYMENT FROM DECEDENT'S PERSONALTY.
   Taxes on land in the city of New York, accruing before a testator's death, being a lien on the particular property, and not a personal charge against the owner, cannot be paid out·of the personalty, under Code Civ. Proc. § 2719, as debts of the decedent.

In the matter of the judicial settlement of the account of Robert C. Hewitt, executor of Edward Goodheart, deceased. Objections to account disallowed in part.

Richard B. Kelly, for executor.
George W. Pearsall, for creditor.

CHURCH, S. Objections are filed by a creditor to the executor's · account. The deceased opened an account in a savings bank in trust for the executor, Robert C. Hewitt, for the sum of $250. It also appears that the deceased had made two notes, of $100 each, to Robert C. Hewitt. Counsel for the contestant contends that such account· should be treated as a part of the estate of the deceased, or that it should be regarded as a payment by the deceased to the executor of said notes, and therefore that either the executor should charge himself with the amount of such deposit, or that ·he should not be allowed to place such notes among the debts of the deceased. In numerous decisions it has been held that an account opened in this manner creates an. irrevocable trust in favor of the cestui que trust unless it can be shown to be plainly the intention of the testator not to create such trust. In this case the contestant has called the executor to the witness stand, and questioned him in regard to the transaction, and his testimony is clear and explicit to the effect that after the deceased opened the account in this fashion he stated specifically that it was done for the purpose of making a gift to the executor, whom he evidently regarded as his friend. Thus the presumption created by the form of the deposit is absolutely confirmed by the testimony of the executor.

As to the contention that it was intended in the nature of a payment, there is nothing to assist the contention upon this subject, except the presumption that, the amount being slightly in excess of the amount of the notes, such was naturally the intention of the deceased. Standing alone, without the testimony of the executor

upon this subject, the deposit being slightly in excess of the amount of the notes would raise a very strong suspicion that it was evidently a method of payment intended by the deceased; but upon this proposition the contestant has chosen to question the executor, and the executor swears specifically that, at the time that the deposit was so made, no mention whatever was made by the deceased that it was intended as a payment on the notes, nor was there any reference, directly or indirectly, made to the notes at that time. Therefore there is no evidence which would warrant me in making a finding that this deposit was other than as indicated on its face, or that it was intended for the payment of these notes, and the executor therefore has properly drafted his account in regard to these two items.

The other objection to this account is that the executor has paid, out of the personal estate of the deceased, certain taxes and assessments levied in deceased's lifetime upon real estate situated in the city of New York, which was specifically devised to the said executor in his individual capacity. Counsel for the executor contends that, under the provisions of section 2719 of the Code, these taxes were entitled to be treated as debts of the decedent, and that therefore, being debts of decedent, it was the executor's duty to satisfy them out of the personal estate. This proposition, it seems to me, is correct in the abstract reference to taxes, as taxes, as they are generally imposed, constitute a personal obligation which must be paid by the citizen, for nonpayment of which personal process in the nature of distress or the sale of his goods may be enforced against him or his personal property. But in relation to taxes imposed on property situated in the city of New York, and local assessments therein, the rule is different, as such taxes or assessments are made a lien upon the particular property, and are not a general or personal charge against the individual owning the same. The proceedings for their collection are entirely in rem, and no relief can be enforced against the owner of the same. This distinction is clearly pointed out in the case of Krueger v. Schlinger, 19 Misc. Rep. 221, 43 N. Y. Supp. 305. That being the case, the executor, who was a specific devisee of this property in question, had no power to pay the taxes and assessments which were a lien upon such property during the lifetime of the deceased from out of the personal estate of said decedent, and consequently such payments should be disallowed. Let decree be settled accordingly.

Decreed accordingly.