CLAYTON v. DINWOODEY et al.

No. 1877. Decided January 20, 1908 (93 Pac. 723).

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE AND PAYMENT OF CLAIMS—PRESENTATION—CLAIMS WHICH MUST BE PRESENTED—TIME FOR PRESENTATION. Plaintiff purchased from defendant's testator property by warranty deed. After paying the taxes on the property due before the testator's death, he sued defendants for the amount of the taxes so paid. *Held*, the claim arose from a breach of a covenant in a deed, and was a claim arising on contract within Revised Statutes 1898, section 3851, providing that "all claims arising upon contracts . . . must be presented within the time limited in the notice" given by the executor or administrator to creditors of the estate.

2. SAME—TAXES. The taxes were not claims which need not be presented to the executor within the exception of Revised Statutes 1898, section 3858, providing that an action may be brought against the representatives of the estate without notice by any holder of a lien to enforce it against the property of the estate subject thereto, the lien of the taxes being against the land bought and not against any property of the estate.

3. SAME. Revised Statutes 1898, section 2613, requiring the district court to require executors and administrators to pay all taxes due from the estate and forbidding discharge till such taxes are paid, does not affect the necessity of presenting to the representatives of a deceased vendor of land by warranty deed a claim by the purchaser for reimbursement for taxes paid by him which were liens on the land at the time of the purchase.

4. SAME. An administrator or executor is affected with notice of taxes levied against property of the estate in his custody, or against property of the decedent in his lifetime which has become property of the estate, and such claims need not be presented to the representative for allowance.

5. SAME. The executor or administrator is not affected with notice of unpaid taxes on property which the decedent conveyed in his lifetime, and in which he had no interest at the time of his death.

6. SAME—PRESENTATION OF CLAIMS—ACTIONS. Revised Statutes 1898, section 3851, provides that "all claims" against an estate "arising upon contracts . . . must be presented within the time limited in the notice." Section 3852 provides that every claim when presented to the executor or administrator must be supported·by the affidavit of the claimant, that the amount is justly due, etc., and a copy of the instrument on which the claim is based must accompany it. *Held*, the commencement of a suit, the complaint in which contains substantially all the averments required for a regularly verified claim, to have a claim established and paid out of the general funds of the estate and the service of the complaint upon the executors within the time in which a claim could have been properly presented, operated as a presentation of the claim.

7. SAME—NECESSITY FOR PRESENTATION OF CLAIMS. Mere knowledge on the part of the executor or administrator of the existence of the debt or claim against the estate is not sufficient to ·dispense with the necessity of presentation.

8. SAME—JURISDICTION. The presentation of the claim to the executors is not jurisdictional to such an action.

9. SAME—ACTIONS—DEFENSES BY EXECUTORS OR ADMINISTRATORS. The defense that the claim is barred by the statute of limitations cannot be waived by the executor or administrator.[1]

10. SAME—PRESENTATION OF CLAIMS—ACTIONS—COSTS. Where a suit is begun against executors without a presentation of· the claim, and the executors find the claim to be just, and confess the demand within the time to appear and· plead to the merits, there should be no judgment for costs, but, if issue is joined on the merits and plaintiff is required to prove his claim, costs should follow as though suit had been brought on a rejected claim.

11. SAME—ACTIONS—TIME TO SUE. Where an action on a claim against an estate is brought against the executors within the time in which a claim could have been presented, but without a previous presentation of the claim, the action, at most, is only prematurely brought, which is merely ground for a plea in abatement but not for a plea in bar.

12. PLEADING — PLEA IN ABATEMENT — TIME TO PLEAD — WAIVER OF RIGHT. Where a suit on a claim against the estate of a decedent was brought without a previous presentation of the claim and no plea of that fact either in abatement or in bar was made by defendants, but they pleaded to the merits, on which issues the case stood until too late for the presentation of the claim when the failure to present the claim was pleaded in bar of the action, such a plea was addressed to the merits, and, not being effectual

---

[1] Fullerton v. Bailey, 17 Utah 85, 53 Pac. 1020.

at the commencement of the suit, could not be so later, under the rule, that a defendant having the right to plead matter in abatement must do so at the first opportunity and before or at the time of pleading to the merits or it will be waived, nor can it be made available by a plea in bar.

13. EXECUTORS AND ADMINISTRATORS — ACTIONS — JUDGMENT. Under Revised Statutes 1898, section 3862, providing "a judgment rendered against an executor or administrator upon any claim for money against the estate of his testator . . . must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due," a judgment against executors on a claim against the estate is improperly entered against them personally.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by W. Clayton against Henry M. Dinwoodey and other executors of a will. From a judgment for plaintiff, defendants appeal.

AFFIRMED, WITH A MODIFICATION IN CONFORMITY WITH THE STATUTE.

*Ray Van Cott* for appellants.

*Young & Snow* for respondent.

STRAUP, J.

On the 20th day of July, 1905, Henry Dinwoodey, in consideration of the sum of $42,500, by warranty deed sold and conveyed to the plaintiff certain realty, free from all incumbrances, situate in Salt Lake City. By statute it is provided that every tax upon real property is a lien against the property assessed, which attaches as of the first Monday in February of each year. On July 19, 21, 25, 28, and 31, 1905, the rates were fixed as provided by law, and the amount of taxes against the property ascertained to be $1,078.14. The taxes became delinquent November 15, 1905. Henry Dinwoodey died on October 1, 1905. The taxes had not been paid by him. On the 28th day of October his will was admitted to probate. Letters testamentary were issued to the appellants, who qualified and entered upon the discharge of

their duties as executors. On the 28th day of October, 1905, the first publication of notice to creditors was made. The estate exceeded in value the sum of $10,000. Creditors were required to present their claims to the executors on or before September 10, 1906, the time fixed in the published notice. On the 3d day of January, 1906, the plaintiff paid the taxes to the county treasurer. On the 23d day of March, 1906, the defendants accepted service of summons issued in this action and a copy of a verified complaint, the original of which was filed in the district court by the plaintiff on the 31st day of March. The substance of the complaint is: That on the 20th day of July, 1905, the deceased, by warranty deed, conveyed to the plaintiff certain real estate, fully described, free from all incumbrances; that at the time of the making and delivery of the deed the property was not free from all incumbrances, but was subject to county, state, and school taxes, specifying the amount of each, which aggregated the sum of $1,078.14; that said taxes were at the time of the making and delivery of the deed due and remained unpaid, and were liens and incumbrances on the property; that the plaintiff was obliged to pay, and did pay on the 3d day of January, 1906, the sum of $1,078.14, in extinguishing the liens and incumbrances; that the deceased died on the 1st day of October, 1905, leaving a will, and that the defendants were appointed executors, and letters testamentary issued to them, etc. To the complaint was attached a copy of the deed and made a part thereof. The defendants were required to appear and plead to the complaint 20 days after the service of summons. On the 11th day of April they appeared and demurred to the complaint for want of facts. The hearing on the demurrer was set for the 21st day of April, at which time counsel for both parties appeared. The demurrer was submitted without argument, and overruled. The defendants were given five days in which to answer the complaint. In due time they answered, admitting the death of the decedent and their appointment as executors. Respecting the allegations of the execution of the deed, the taxes due and unpaid, and that they were liens and incumbrances on the prop-

erty and had been paid by the plaintiff, they averred they had not sufficient knowledge or information, and on that ground denied them. The case was set for trial on the 24th day of October. On the 17th day of October the defendants filed an amended answer, in which it was alleged that the cause of action stated in the complaint was barred by sections 3851, 3852, 3853, and 3856, c. 9 tit. 74, of the Probate Code, Rev. St. 1898. The plaintiff's demurrer to the amended answer was sustained. Plaintiff applied for and was given leave to file an amended complaint, which was done on the 3d day of November, 1906. The amendment contained the following additional allegations: That the taxes became delinquent November 15, 1905, and, were due and should have been paid prior to that date out of the funds of the estate in the due course of administration, but that the defendants, notwithstanding the request of the plaintiff, refused to pay them. The defendant's demurrer to the amended complaint was overruled. They thereafter answered on the 26th day of December, and, in addition to their original answer, averred that notice had been published to creditors, the first publication appearing on the 28th day of October, 1905, and that creditors were required to present their claims on or before the 10th day of September, 1906; that the plaintiff failed to present any claim, and because thereof he was estopped from asserting his claim and his action was barred.

On the trial, evidence was given in support of the allegations of the complaint. There was no substantial conflict in the evidence respecting them. Proof was also made that notice to creditors was given by the defendants, as executors, and as alleged in their answer. The evidence further shows that the plaintiff did not present any claim prior to the commencement of the action. The court found the facts respecting the sale of the property by the deceased to the plaintiff, the execution and delivery of the warranty deed, the conveyance of the property free from all incumbrances, that the taxes were unpaid by the deceased, and that the plaintiff paid them, as alleged in the complaint. As conclusions of law the court held that the taxes were incumbrances on the

property at the time of the execution and delivery of the deed; that they became delinquent on the 15th day of November, 1905, and "were due from and should have been paid prior to that date out of the funds of the estate of the said Henry Dinwoodey by the defendants, as executors as aforesaid, in due course of administration"; and that the plaintiff was entitled to judgment in the sum of $1,188.14, and costs taxed at $10. The judgment, however, is entered: "Adjudged and decreed that said plaintiff do have and recover of and from the said defendants the sum of $1,188.14, together with interest thereon at the rate of 8 per cent. per annum from the 16th day of April, 1907, until paid, together with $10, plaintiff's costs incurred in this action."

From this judgment the defendants have appealed. They assail the conclusions of law, the judgment, the rulings of the court overruling their demurrers to the plaintiff's complaints and sustaining plaintiff's demurrer to their amended answer. These alleged errors are all predicated on the theory that the plaintiff's claim required presentation to the executors as by statute in such case made and provided, and that the plaintiff failed to make such. On the other hand, it is argued by the plaintiff that his claim was not of such character as, under the statute, required presentation. The statute provides that the executor or administrator must publish notice to creditors, in which must be expressed the time within which claims may be presented. This was done. The time fixed was September 10, 1906. Section 3851, Rev. St. 1898, provides:

"All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court, or judge thereof, that the claimant had no notice as provided in this chapter, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered; provided further, that nothing in this title contained shall be so construed as to prohibit the foreclosure of liens or mortgages as hereinafter provided."

By section 3852 it is further provided that every claim when presented to the executor or administrator must be supported by the affidavit of the claimant, or some one in his behalf, that the amount is justly due, no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the affiant. If the claim be founded on a bond, bill, note, or any other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it be lost, etc. Section 3853 provides that when a claim accompanied by the required affidavit is presented to the executor or administrator he must indorse thereon his allowance or rejection, with the date thereof. If he refuses or neglects to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day. It is further provided that when the claim is rejected the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection. Section 3858 provides as follows:

"No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except that an action may be brought without notice by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless such claim be so presented."

The following sections of the statute in regard to taxes are also relied on: Section 2613 which provides that "the district court must require every administrator or executor to pay out of the funds of the estate all taxes due from such estate; and no order or decree for the distribution of any property of any decedent among the heirs or devisees shall be made until the taxes against the estate are paid"; and section 2597, which provides that every tax upon real property is

33 Utah—17

a lien against the property assessed, and attaches as of the first Monday in February of each year.

The arguments made by the respondent that he was not required to present his claim (1) because the taxes were a lien upon the property at the time of its conveyance, and (2) for the reason that the taxes were due from and against the estate within the meaning of section 2613, are not tenable. Plaintiff's claim arose from a breach of a covenant in the deed. It is a claim arising on contract. It is very clearly expressed by the statute that all claims arising on contracts, whether due, not due, or contingent, must be presented. The only exception made by the statute is that a mortgage or lien "against the property of the estate subject thereto" may be enforced without first presenting a claim to the executor or administrator "where all recourse against any other property of the estate is expressly waived in the complaint." But this was not an action to enforce a lien. It was not one seeking to have the claim satisfied out of specific property of the estate, or to subject any particular property of the estate to the satisfaction thereof. It was one seeking compensation out of the general funds of the estate. Furthermore, the taxes upon the realty were a lien "against the property assessed." It was not a lien against the general property of the decedent or any property of the estate. The property subject to the lien was not owned by the deceased at the time of his death. It was not, and never became, property of the estate. Plaintiff's claim does not fall within the exception contained in section 3858. Nor do we think the case falls within the provisions of section 2613. That section pertains to taxes assessed against, or which are due upon, property of the estate. Taxes on such property are not claims against the estate which need presentation to the administrator or executor for allowance, as is well illustrated by the case of *People v. Olvera*, 43 Cal. 492. To the same effect are the cases cited by the respondent. In the case of *Bonaparte, Ex'r. v. State, etc.* 63 Md. 465, it was held that the executors and administrators were held affected with notice of taxes due upon property in their custody, and that it was their legal duty to as-

certain and pay them, after funeral expenses, before proceeding to the further administration of the estate. *In Re Goodheart's Estate* (Sur.), 81 N. Y. Supp. 1030, it was held that taxes levied on real estate in the lifetime of the decedent and which was owned by him at the time of his death, but which was devised to the executor in his individual capacity, were entitled to be treated as debts of the decedent, and to be paid out of his personal estate. To the same effect is *Findley* v. *Taylor,* 97 Iowa, 420, 66 N. W. 744. On an examination of all the cases cited by the respondent on this point, we find that they all pertain to taxes against property which was owned by the deceased at the time of his death, and which came into the custody of the administrator or executor as property of the estate, or which were levied against such property while in his custody. In such case a presentation of the claim is not required. As stated by the authorities, the administrator or executor is affected with notice of taxes levied against property of the estate in his custody, or which was levied against the property of the decedent in his lifetime and became property of the estate. In such case it is his legal duty to pay them in due course of administration, and before the property is distributed: But we cannot understand upon what theory it may be said that the executor or administrator should be charged with notice of unpaid taxes on property which the deceased had conveyed in his lifetime, and in and to which he had no interest at the time of his death, and which did not become property of the estate nor come into the custody of the administrator or executor. If such were the case, he would be required to ascertain from the records, or from other sources, what realty was owned and conveyed by the deceased in his lifetime, whether at the time of the conveyance there were unpaid taxes against the property, whether the deceased by his deed of conveyance had agreed to pay them, and whether they remained unpaid. Such a requirement would be onerous and unreasonable. It seems quite clear to us that the executor or administrator is affected with notice of unpaid taxes on property only of the estate, property which was

owned by or in which the deceased had an interest at the time of his death, and of which the administrator or executor was entitled to the custody for administration and distribution. We are therefore of the opinion that plaintiff's claim required presentation.

This brings us to the further question as to whether the proceedings had in the premises were equivalent to the presentation of a claim. As before observed, no claim was presented to the executors before the commencement of the suit. The plaintiff had until the 10th day of September, 1906, in which to present his claim. Without first presenting it to the executors, he commenced this action on the 23d day of March, 1906. The complaint filed by him was verified. To it was attached a copy of the deed. The complaint contained substantially all the averments necessary to be set forth in a regularly verified, presented claim, and was served upon the executors. The action was brought to have the claim established and paid out of the general funds of the estate. We are of the opinion that the commencement of the suit and the service upon the executors of the verified complaint within the time in which a claim could have been properly presented operated as a presentation of the claim. In this we are amply sustained by the authorities. On this question, in 18 Cyc. 452, it is said: "According to the weight of authority, the commencement of a suit and its continuous prosecution operates as a presentation of the claim or obviates the necessity of presentation." The text, among other cases cited there, is supported by the following: *Fillyau v. Laverty,* 3 Fla. 72; *Roberts v. Flatt,* 142 Ill. 485, 32 N. E. 484; *Floyd v. Clayton,* 67 Ala. 265; *Moore v. McKinley,* 60 Iowa 367, 14 N. W. 768. The case of *Fillyau v. Laverty, supra,* is much in point. There the statute provided that "all debts and demands, of whatsoever nature, against the estate of any testator or intestate, which shall not be exhibited within the said two years, shall be forever barred." As to the necessity of presenting claims, and what will be regarded as equivalent to a presentation, the court said:

"As to the question, what shall constitute an exhibition of a debt or demand against an estate, we think there should be actual presentation of the claim within the time prescribed, or something done by the party equivalent to it. The presentation need not be in any particular form, but sufficient to give such notice to the executor or administrator of the existence of the debt or demand, its character and amount, as would enable him with reasonable certainty to provide for its payment. Mere knowledge on the part of the executor or administrator of the existence of the claim is not enough. The party holding the claim or demand must pursue some measures to present his demand, and not remain passive, or sleep upon his right. The bringing of a suit or action at law or in equity we would regard as equivalent to an actual presentation."

Cases from the courts of New Jersey are cited in *Cyc.*, *supra*, as being contrary to the text, principally *Newbold v. Fenimore*, 53 N. J. Law, 307, 21 Atl. 939, and *Robins v. Arnold*, 42 N. J. Eq. 511, 8 Atl. 721. The second case does not appear to be much in point, for it seems the bill filed in chancery was unverified, and it was observed that "there was therefore neither verification nor admission of the claim in question within" the period in which a claim could have been properly presented. The reason given in the first case doubtless has much force when applied to the procedure there, but it is not persuasive when applied to our procedure. It is:

"The presentation of claims of creditors within the limited time is, moreover, important to enable the personal representative to determine whether the estate is to be settled as a solvent or insolvent estate, or whether real estate must be resorted to for payment of debts. Upon the construction contended for, such determinations could not be made until after final judgment in every suit brought during the time limited in the rule to bar creditors."

The reason given why claims are required to be presented is proper enough, but the statement that "such determinations could not be made until after final judgment" has no force when applied to our probate procedure. The apparent purpose of the statute requiring presentation of claims is said to be:

"First, to furnish the administrator with pertinent evidence touching their validity and justness, by means of which he may determine for himself whether they ought to be paid out of the funds of the estate; and, second, to enable him to justify his acts, in some measure at least, in accounting with the county court." (*Willis v. Marks*, 29 Or. 493, 45 Pac. 293.)

And, as stated in 1 Abbott's Probate Law, sec. 468, "to give creditors and other persons interested notice of the condition of the estate and to expediate its settlement." Of course, mere knowledge on the part of the executor or administrator of the existence of a debt or claim against the estate is not sufficient to dispense with the necessity of presentation. But when, as here, the executors are served with a copy of a verified complaint in an action commenced seeking to establish a claim, and which substantially contains all the averments required in a regularly presented claim, and such suit is commenced and the summons and complaint served upon the executors within the time in which a claim could be properly presented, we can perceive no good reason why they were not afforded equal opportunity and given every means to determine the justness of the claim, and whether it ought to be paid out of the funds of the estate, as fully as though the claim had been regularly presented within the time fixed in the published notice without suit. When a claim is regularly presented, the administrator or executor has ten days to determine whether he will allow or reject the claim. Presented in the form it was, the executor had twenty days before he was called on to act to determine the justness of the claim and whether it ought to have been paid out of the estate. If the plaintiff had not filed his suit, but had waited until the 1st day of September, 1906, and then had regularly presented his claim to the executors, in what way would they have been afforded better means to investigate the justness of the claim, and in what manner could they better have determined whether it ought to have been paid out of the estate, or in what respect would it better have facilitated or expedited the settlement of the estate? If such had been done, and if the executors had then denied what they denied here in their answer, the claim would have been rejected and

the plaintiff would have been required to establish it in court, as was done by him. If, on the other hand, the executors in such case had allowed the claim and avoided the necessity of a suit to establish it, they equally had the opportunity in April, 1906, after the suit had been commenced, to confess the demand, if, on investigation, they found it to be just, and end the litigation.

It cannot be said that the presentation of the claim to the executors was jurisdictional. (*O'Brien v. Larson,* 71 Minn. 371, 74 N. W. 148.) It is quite true that it was held in *Harp v. Calahan,* 46 Cal. 222, that, without having first presented a claim for allowance, the claimant had no cause of action, and that the administrator could not waive the necessity of presenting a claim for allowance. But the particular question under consideration—whether the commencement of a suit within the time in which a claim could have been properly presented operates as a presentation of the claim—was not there involved. What was said by the court was in respect of a fact which was a material, and not a jurisdictional, averment. This is apparent from both prior and subsequent holdings of that same court. In the case of *Bank of Stockton v. Howland,* 42 Cal. 129, and in *Drake v. Foster,* 52 Cal. 225, it was held, under statutes identical with ours, that an objection to a recovery on a claim against the estate of a deceased person on the ground that it was not presented to the executor for allowance cannot be made for the first time in the *Supreme Court, nor on motion for a new trial.* In *McCann v. Pennie,* 100 Cal. 547, 35 Pác. 158, in speaking of section 1500 of the California Code of Civil Procedure, which corresponds with section 3858 of our Code, and where it is provided that no holder of any claim against an estate shall maintain any action thereon unless the claim was first presented to the executor or administrator, the court said it was

"analogous to the statute of frauds, which declares that no action shall be maintained on, etc., unless, etc.; and the bar of the statute must be pleaded in defense, unless the complaint shows upon its face that the contract is void under the statute; and a similar rule prevails in regard to the statute of limitations."

And in *Falkner v. Hendy,* 107 Cal. 49, 40 Pac. 21, 386, it was held that proof of the presentation of the claim was not essential to the validity of the judgment. This case was cited with approval in the subsequent case of *Frazier v. Murphy,* 133 Cal. 95, 65 Pac. 326. This principle, however, must not be confused with that involved, where the claim is barred by the general statute of limitations, and because of the bar cannot be allowed by the executor or administrator or the judge, as provided in section 3857, or where the claim was neither presented nor suit commenced within the time in which the claim could properly have been presented. For the defense that the claim is barred by the statute of limitations cannot be waived by the executor or administrator. (*Fullerton v. Bailey,* 17 Utah 85, 53 Pac. 1020; *Reay v. Heazelton,* 128 Cal. 335, 60 Pac. 977.)

Had the claim here been barred by the general statute of limitations, or by the special statute, such as where a claim had been presented and rejected by the executors and suit was not commenced within the time provided by the statute, or where no claim had been presented nor suit commenced within the time in which a claim could have been properly presented, the bar of the statute would be a complete defense. But where the suit is commenced under the circumstances heretofore shown, the commencement of the suit operates as a presentation of the claim. In such case, if the executor or administrator, on investigation, finds the claim to be just, and determines that it ought to be paid by the estate, he may confess the demand within the time in which he is required to appear in the action and plead to the merits, and, if he does so, there should be no judgment for costs. If, however, issues are joined as to the merits of the claim and material allegations with respect thereto are denied, and the plaintiff is put upon his proof to establish his claim, then costs should follow as though suit had been brought on a rejected claim. The plaintiff having commenced the action within the time in which a claim could have been presented, before giving the executors an opportunity to pass on the claim, the action at most was only prematurely brought. A premature institu-

tion of a suit may be ground for a plea in abatement, which, if interposed, has the effect to defeat or suspend the suit for the time being; but it is not ground for a plea in bar, and cannot have the effect to impair or defeat the action altogether. (*Giboney v. German Ins. Co.,* 48 Mo. App. 185; *Collette v. Weed,* 68 Wis. 428, 32 N. W. 753; *Moore v. Sargent,* 112 Ind. 484, 14 N. E. 466.)

No plea in abatement was interposed. Without pleading this matter either in abatement or in bar, the defendants, in April, pleaded to the merits, and, on oath, denied all the constituent elements of the claim set forth in the complaint. Upon such issues the case stood until after the time in which a claim could have been regularly presented had expired. The defendants then, and after the case had been set for trial, for the first time pleaded the failure to present a claim in bar of the action. Had such fact been pleaded before joining issues in April, or at any time prior to the 10th day of September, 1906, and, though it should be that the commencement of the suit was not equivalent to the presentation of the claim, the plaintiff could have presented a verified claim to the defendants and thus utterly destroyed the pretended plea in bar. Such a plea in bar is addressed to the merits, and, not being effectual when the suit was commenced, could not become so after the suit had been pending for nearly six months. It is apparent the matter was here in abatement and not in bar. It is a well-recognized principle of pleading that a defendant having a right to a plea in abatement must avail himself of it at the first opportunity and before or at the time of pleading to the merits, and, if he does not do so, it is waived. Nor can that which is available by plea in abatement be made available by plea in bar.

We are of the opinion that the conclusion reached by the trial court, that the plaintiff was entitled to a judgment and to have his claim paid out of the funds of the estate, was correct. We are, however, of the opinion that the judgment must be modified for the reason that the judgment as entered is a personal judgment against the defendants. By section 3862 of the statute it is provided that:

"A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge; and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due. A certified transcript of the original docket of the judgment must be filed among the papers of the estate in court. No execution must issue upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of payment."

The cause is therefore remanded to the trial court, with directions to modify the judgment in conformity with the statute. With such modification the judgment of the court below is affirmed. Neither party is given costs on appeal.

McCARTY, C. J., and FRICK, J., concur.