335 P.2d 403

Matter of the ESTATE of Stanley B. NEFF, Deceased.

No. 8917.

Supreme Court of Utah.

March 19, 1959.

Elias Hansen, J. Grant Iverson, Salt Lake City, for appellant.

Arthur H. Nielsen, Dean E. Conder, Newhouse Building, Salt Lake City, W. Eugene Hansen, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment requiring Faye N. Brady, Administratrix of the Estate of Stanley B. Neff, to recognize a U. S. District Court judgment rendered against her brother, Gordon S. Neff, who was a son and partner of decedent, and who also acted as administrator of Stanley B. Neff's estate before he was removed and Faye N. Brady substituted in his place. Reversed. Costs to Appellant.

Western Cooperative Hatcheries, a corporation, filed an action against Stanley B. Neff and Gordon S. Neff, partners. Stanley died and Gordon was made administrator of his estate, being substituted as party defendant for Stanley. Judgment was rendered against him individually and as administrator. Under our statute, Gordon, being a partner, had no capacity to act as administrator.[1] The administrator here was ineligible to act, such ineligibility having been established by specific legislation. However, without deciding any jurisdictional question the judgment would not have been enforceable against the estate. The hatchery company had filed a complaint during decedent's lifetime and the same was pending at his death. The complaint was not verified. No claim was ever filed within the time given creditors to file. In a case where a *verified* complaint was filed against an administrator[2] this court held that it was not necessary to file a claim within the time given creditors since the *verified* complaint contained everything that a claim would have contained, and the verification satis-

---

1. Title 75-4-4, Utah Code Annotated 1953: "No person is competent * * * to serve as administrator * * * who is * * * the surviving partner of a firm of which decedent was a member * * * *"

2. Clayton v. Dinwoodey, 1908, 33 Utah 251, 93 P. 723.

fied statutory requirements as to authentication of claims. That case construed Sec. 3858, Rev.St.1898, which has its counterpart in Title 75–9–11, Utah Code Annotated 1953,[3] which deals with a situation where the action is filed after the death. In the instant case, not only was the complaint *unverified* and thus not covered by Clayton v. Dinwoodey, but it represents a different situation, where action is *pending at the time of death,* in which event an entirely different statute applies than that construed in the Clayton case, requiring that an *authenticated* claim be filed irrespective of the fact that an action is pending.[4]

Respondent's authorities[5] have to do with error or irregularity in appointing an administrator, where preference as to representation was in issue. They do not go to the question of failure to satisfy statutory requirements relating to the manner and time within which claims must be filed.

CROCKETT, C. J., and WORTHEN, WADE and McDONOUGH, JJ., concur.

3. "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator * * *"

4. Title 75–9–13, Utah Code Annotated 1953: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof is made of the presentation required."

5. In re Yonk's Estate, 1948, 113 Utah 367, 195 P.2d 255, 4 A.L.R.2d 150, and cases cited therein.