### DETERMINED IN

# THE SUPREME COURT

#### OF THE

# STATE OF CALIFORNIA.

---

[No. 14062.    Department One. — February 10, 1891.]

# IN THE MATTER OF THE ESTATE OF WILLIAM H. MOORE, DECEASED.

SPECIAL ADMINISTRATOR — RECEIVER — POWERS AND DUTIES. — The office and duties of a special administrator are similar to those of a receiver in equity, the powers and duties of each being limited to such as are defined by statute, or expressed in the order of his appointment, or in such order as he may from time to time receive for the purpose of more effectually preserving the estate intrusted to his charge.

ID. — EXPENDITURES WITHOUT PREVIOUS ORDER — APPROVAL OF COURT. — Though it is matter of prudence to obtain a previous order for necessary expenditures, there is no rule of law which will deprive the court of power to reimburse a special administrator or receiver, if his acts and expenditures are approved.

ID. — REPAIRS BY SPECIAL ADMINISTRATOR — EXPENDITURE IN EXCESS OF POWER GRANTED — ALLOWANCE OF ACCOUNT. — The payment by a special administrator, for repairs to the property of the estate, of a sum in excess of the amount allowed by a previous order of the court to be expended therefor, and for repairs not previously authorized, should not be disallowed in the settlement of his account merely because of such excess of power, if it appear that the repairs were necessary and the expenditure reasonable.

ID. — SETTLEMENT OF ACCOUNT — DISCRETION OF COURT. — The approval of the account of the special administrator in respect to expenditures for necessary repairs is in the discretion of the judge settling the account, and is not subject to review, unless it appears that the discretion has been abused.

LXXXVIII. CAL. 1

ID. — COMPENSATION OF SPECIAL ADMINISTRATOR — DISCRETION. — The
compensation of a special administrator is in the discretion of the court,
and it is not improper for the court to take the rate of compensation
fixed by the statute for an administrator as the standard for determining
a proper allowance to be made to him.

APPEAL from an order of the Superior Court of Santa
Clara County settling an administratrix's account.

The facts are stated in the opinion of the court.

*Frank M. Stone*, for Appellants.

*Charles B. Younger*, for Respondent.

HARRISON, J.—The special administratrix of William
H. Moore, deceased, having filed her final account for
settlement, the heirs of the decedent filed objections to
the allowance of certain items therein, and the court,
after hearing the parties thereto, settled the account by
allowing a number of the items objected to, and dis-
allowing the remainder. From this order the heirs have
appealed to this court.

The chief objection to the action of the court is its al-
lowance for certain expenditures in the repairs of the
Pacific Ocean House. Prior to making these repairs, the
special administratrix had obtained an order from the
superior court, allowing her to expend a certain sum of
money for said repairs, in which was designated the par-
ticular repairs to be made, and the amount allowed for
each, and which also declared "the above amounts being
the full costs of repairs, which said administratrix is
authorized to make." After obtaining this order she
proceeded with the repairs, and completed some at less
expense than she was authorized to make, while in others
she expended more than was permitted by the order; and
she also made other repairs which were not included
within the order; so that the total amount expended by
her was in excess of the amount allowed by the order.

It is urged by the appellants that the court was not

authorized to allow any items in her account for expenditures which were not embraced within its previous order allowing her to make the repairs.

The office and duties of a special administrator are very similar to those of a receiver in equity. Each is appointed by the court to take charge, under its directions, of property in litigation, or which is involved in the proceedings before it, with a view to its care and preservation for the parties to whom the court may ultimately decide that it belongs. The powers and duties of each are special, and limited to such as are defined by statute, or expressed in the order of his appointment, or which he may from time to time receive for the purpose of more effectually preserving the estate intrusted to his charge. If it becomes necessary during his management to make any repairs, his expenditures therefor must be sanctioned by the court appointing him, either by previous order or by subsequent approval, before he can reimburse himself from the funds of the estate. A prudent person would obtain from the court an order therefor before making such repairs, but it is not an indispensable requisite that he should do so. If he is willing to forego such protection, and to rely upon his belief that the court will ratify his acts, there is no rule of law which will deprive the court of the power to reimburse him if his acts and expenditures are approved. In *Tempest* v. *Ord*, 2 Mer. 55, Lord Eldon said that " formerly the court never permitted a receiver to lay out money without a previous order of the court, but now, when the receiver had laid out money without such previous order, it was usual to refer it to the master to see if the transactions were beneficial to the parties, and if found to be so, the receiver was allowed the money so laid out." This rule was followed in *Adams* v. *Woods*, 15 Cal. 206, where the action of the district court in disallowing certain payments by the receiver, on the ground that they had been made without any previous

order of the court, was reversed. (See also High on Receivers, sec. 180; *Hynes* v. *McDermott*, 14 Daly, 104.)

We do not think that the items in the account of the special administratrix for the repairs made by her should be disallowed merely because she had not obtained a previous order to make them, or because she had expended more than she was allowed. It was quite as competent for the court to approve her disbursements for repairs made without a previous order as it was to order in advance that the repairs should be made; and if it was competent for the court to allow the items in her account without a previous order having been obtained therefor, it was equally competent to allow such repairs as she might have made in excess of the amount allowed by the order. In either case the court must determine whether, under all the circumstances, the repairs were necessary and the expenditures reasonable. These matters must of necessity be left to the discretion of the judge in settling the account, and unless it appears that such discretion has been abused, it is not subject to review. The court in the present case heard testimony offered by the respective parties in reference to the contested items, and after examining it, we cannot say that it was insufficient to support his order. Neither can we say that the court improperly allowed the items for the expenses of a horse and buggy, which were objected to by the heirs. For aught that appears in the record, they were expenses necessarily incurred in her management of the estate. (Code Civ. Proc., sec. 1616.)

Appellants also object to the allowance to the special administratrix of commissions upon the estate that came into her hands. The Code of Civil Procedure does not make any special provision for the compensation of a special administrator, but leaves it to the discretion of the court in the settlement of his account. We cannot say that it was improper for the court to take the rate of compensation fixed by the statute for an administrator

as the standard for determining a proper allowance to be made to the special administratrix in the present case. To the objection that by this course an estate may be subjected to the payment of double commissions, it is sufficient to say that the court having charge of the estate has the power to prevent any improvident diversion of its funds during administration.

The order appealed from is affirmed.

GAROUTTE, J., concurred.

PATERSON, J., concurring. — I concur. Some of the items in the account seem on their face to show an attempt to improve the property, rather than to preserve it; but as the witness Cope testified that all the work done was necessary to put the house in tenantable condition, and as there is no evidence to the contrary, except an inference which may arise from the apparent nature of the work done, it cannot be said that the order of the court is not supported by the evidence.

I think the burden of proving the necessity of the expenditures rested upon the administratrix as to all items objected to, and if all the evidence introduced is in the bill, the court ought to have rejected the item of buggy-hire. The bill, however, does not purport to contain all the evidence introduced, and if it did, the item referred to is so small that counsel for appellant would not desire a reversal or modification on account of an error as to it alone.