## IN RE AUSTIN'S ESTATE*
## LOUCKS, STATE INHERITANCE TAX COM'R. v. AUSTIN

(No. 1367; November 18, 1927; 261 Pac. 130)

INHERITANCE TAX—DEDUCTION OF EXPENSE FOR CONTINUING BUSI-
NESS—EXECUTOR'S AND ADMINISTRATOR'S EXTRAORDINARY FEES—
PROBATE JURISDICTION—COURTS.

1.  Conceding right of inheritance tax commissioner to ques-
    tion deduction of expense of conducting store owned by
    decedent during period of administration in computing
    inheritance tax under Laws 1921, c. 126, as amended by
    Laws 1923, c. 80, he could not, on appeal from order de-
    termining tax, question propriety of order of district
    court for continuance of business.

2.  District court, in view of its original jurisdiction under
    Const. art. 5, § 10, and its powers under Comp. St. 1920,
    §§ 326, 6673-6675, 6851, 6869, 6912, in all matters of pro-
    bate, had jurisdiction to order that retail store owned by
    decedent be kept open during period of administration,
    and that his administratrix be allowed fee for extraordin-
    ary service in management thereof.

3.  Whether order of district court for continuance of de-
    cedent's retail store by his administratrix during period
    of administration was made on sufficient showing cannot
    be considered on review of order fixing amount of in-
    heritance tax, where record lacked application for order
    and evidence at hearing.

4.  Where district court was authorized to order that retail
    store owned by decedent be kept open during adminis-
    tration of his estate and to allow his executrix extra-
    ordinary fee for management thereof, expense of con-
    ducting the store, which included salary of manager and
    extraordinary fee allowable under Comp. St. 1920, §
    6853, was properly deducted in computing inheritance tax
    under Laws 1921, c. 126, as amended by Laws 1923, c. 80.

*See Headnotes:   (1, 2) 24 C. J. p. 58 n. 69 New; 39 Cyc. p.
1583 n. 90.   (3) 37 Cyc. p. 1583 n. 90.   (4) 37 Cyc. p. 1581 n. 74.

ERROR to District Court, Sheridan County; JAMES ·H. BURGESS, Judge.

In the matter of the estate of George E. Austin, deceased. To review an order assessing the inheritance tax, making certain deductions in favor of Elizabeth A. Austin, administratrix of deceased, Harry A. Loucks, as State Inheritance Tax Commissioner, brings error.

*W. O. Wilson,* Atty. Gen. and *James A. Greenwood,* Deputy Atty. Gen. *(David J. Howell,* Former Atty. Gen. and *Ray E. Lee,* Former Special Asst. Atty. Gen. on the brief), for plaintiff in error.

The expense of continuing decedent's business and the extraordinary compensation allowed for administration, should not be deducted in computing inheritance tax, which tax accrued as and of the date of death. Ch. 126 L. 1921, Sec. 6. The statute in force at the date of death controls. Ross Inher. Tax'n. Sec. 259; Matter of White, 101 N. E. 793. The compensation of executors and administrators is fixed by statute. 6853 C. S. Extraordinary services cannot exceed fifty per cent. of the schedule fixed by law, which in this case would not exceed $560.04. The sum of $1200 allowed for extraordinary services should be reduced at least to $560.04.

*C. L. Carter,* for defendant in error.

The continuation of the mercantile business was in the interest of the estate, and the expense thereof was properly allowed. The allowance to the administratrix for extraordinary services did not exceed fifty per cent. of the regular commission allowed an administrator. The District Court found that the mercantile business was profitable and should be continued during the administration period in order to prevent loss to the estate. The administratrix was responsible to creditors, heirs and others interested, for the protection of the assets of the estate, 6848 C. S., and entitled to the necessary expenses incident thereto, 6851 C. S. Inheritance tax is imposed upon the property passing to an heir

or distributee. Loucks v. Young (Wyo.) 239 Pac. 286.
It is well settled that the expense of administering an estate
is necessary and deductible before distribution can be made
to heirs. This principle is apparently recognized by the
inheritance tax law limiting the tax to what passes to the
distributee. The law does not say that the tax shall be
imposed upon the value of the estate at date of death. The
tax accrues on date of death but its amount is regulated by
what passes. It is apparently contended by appellant that
Chap. 78 L. 1925 deprives the courts of authority to allow
administration expense or make orders affecting the amount
of inheritance tax payable. Decedent died prior to the en-
actment of this law and his estate was not affected thereby.
4573 C. S.; Sec. 33, L. 1925. Irrespective of the provisions
of either statute, the jurisdiction of district courts in pro-
bate matters is fixed by the constitution.

Potter, Justice.

This cause is here on error for the review of an order of
the district court in Sheridan County, ''finding and deter-
mining the amount of inheritance tax due from the estate
of George E. Austin, deceased,'' to the state of Wyoming;
and in that connection, a subsequent order denying the ap-
plication of the Inheritance Tax Commissioner for the va-
cation of said order because of alleged erroneous deduc-
tions from the gross amount of said estate before computing
the amount of the tax.

George E. Austin, a resident of Sheridan County, died in
that county on September 11, 1924, leaving an estate there-
in; and on September 16 letters of administration were is-
sued to his widow, Elisabeth A. Austin, who continued to
act in that capacity until the final settlement of the estate
in November, 1925. The controlling inheritance tax law
is Chapter 126, Laws 1921, as amended by Chapter 80 of
the Session Laws of 1923, the death of said Austin having
occurred prior to the enactment of Chapter 78, Laws of
1925, which repealed said prior statutes; but each of which
provided, as the Act of 1925 also provides, that the taxes

imposed shall take effect and accrue upon decedent's death. In Re Young's Estate, 33 Wyo. 317, 239 Pac. 286. And the tax in question was fixed and determined by the district court under the said act of 1921.

The deductions complained of are: The sum of $3336, as expense of conducting decedent's mercantile establishment during the period of administration, including rent, heat, light, clerk hire, janitor, etc., also the sum of $1200 allowed the administratrix at the rate of $100 per month for special and extraordinary services in managing said mercantile establishment; the order therefor declaring her to be the manager, and having been preceded by an order directing that the mercantile establishment known as the Boston Store in Sheridan, and inventoried and appraised as a part of the estate, should be kept open and conducted during the period of administration or until the further order of the court, and said business was continued by the administratrix as manager until the closing of the estate.

It appears that said store, or rather the stock of goods, fixtures and movable equipment therein, was inventoried by the administratrix in said probate proceedings, the stock consisting mainly of dry goods and notions, the full appraised value thereof being $10,822.59; that there was also inventoried and appraised certain real estate in Florida at $50; Liberty Bonds $800; Savings Account in a named Sheridan bank $25,500; and a general account in said bank of $1331.04, making a total appraised value of $38,503.63. Shares of stock in several corporations were also inventoried but appraised as of no value, and at the conclusion of the administration those shares were found to be then also of no value and they were distributed without objection to the widow as one of the heirs of the estate.

The order for conducting the said store during the period of administration recited as the court's findings based upon the application therefor and the evidence introduced in support of the application, that the said business was profitable, that it would be for the best interests of the estate

that it be continued to be conducted, and that if not so continued the property would depreciate in value, incur loss and expense by being kept, and that the said estate was solvent. It was specifically directed by said order that said administratrix shall buy and sell goods, wares and merchandise, employ and discharge clerks and other help in connection therewith, pay all expenses of conducting the store, the taxes levied thereon, rental of the building occupied thereby, and to perform all necessary acts in the operation of said business. That order was made and presumably entered September 19, 1924, three days following the issuance of letters of administration, upon the application of said administratrix, though said application has not been brought into this record, as we think might well and should have been done, to be considered in connection with the order itself, and with the order which followed on February 26, 1925, upon the application also of said administratrix for the allowance of a reasonable and just sum each month as compensation for special and extraordinary services rendered by her in the conduct, management and control of said estate, "particularly the business establishment known as the Boston Store."

The last mentioned order recited also a hearing upon the application therefor and the evidence in support thereof, and the finding that "said Elisabeth A. Austin has rendered and is rendering special and extraordinary services of great value to the said estate in the conduct, operation, management and control of said mercantile establishment and business, and is entitled to compensation for such special and extraordinary services, and that the sum of $100 per month is a reasonable and just sum to be allowed her as compensation for such services during such time as the same have been or may be rendered in said estate." And she was thereby directed to pay to herself such sum each month out of any moneys in her hands belonging to said estate. The application for *that* order is not in the record here, nor the evidence heard in support thereof.

The deduction of the expense of conducting the business establishment aforesaid will first be considered. The contention of the inheritance tax commissioner as to that deduction is based upon the provision of the inheritance tax statute aforesaid that all taxes imposed thereby shall take effect and accrue upon the death of the decedent or donor and shall be due and payable at the expiration of one year from such death, with certain exceptions not material to any of the questions here presented. And hence it is contended that the question to be considered here respecting that deduction is whether or not the expenses so ordered to be deducted may properly be regarded or treated as part of the estate at the time of the decedent's death.

The statute aforesaid was construed in the case of In Re Young's Estate, supra, so far as to hold that the provisions defining and regulating the tax clearly indicate that it is to be imposed and paid "not upon the estate as a whole, or upon the right to transmit the estate, but upon the amount of property which passes to the respective beneficiaries; in other words, the share received by an heir, distributee, legatee, or devisee is, in the final analysis, the unit by which to determine the amount of the inheritance tax." And it was held in that case against the contrary contention of the inheritance tax commissioner that the allowance made to the family under the probate code, during the administration of the estate, was a proper deduction from the amount upon which the inheritance tax was to be computed, and upon the ground that such allowance does not pass by will or intestate laws, but is allowed as a matter of public policy. And the court said that nothing was found in the law implying that the beneficiaries must pay a tax upon property to which they do not succeed.

We remain entirely satisfied with the conclusion and reasoning in that case. And it must settle the decision in this case unless it should be held that the expenses of continuing the business aforesaid was of such a different character from a widow's or family allowance pending admin-

istration, or from the ordinary expenses and allowances provided for by the probate code pending administration, as to require a different consideration and conclusion. But the expenses of administration are classed with funeral expenses as a first and preferred charge upon the funds of the estate. Comp. Stat. 1920, Sec. 6869. And the executor or administrator is expressly allowed by the Probate Code (id. Sec. 6851) all necessary expenses in the care, management and settlement of the estate. Hence, if the expense of conducting said business under the court's order therefor and authorizing the payment of said expenses was and is to be regarded as an "expense of administration" it would seem that it could not be held to be an amount chargeable against or receivable by a beneficiary under the inheritance tax law, as construed and applied in the Young case. Clearly, the money so expended does not pass to either the widow or the daughter of the decedent as heirs, they being the only heirs and beneficiaries of this estate, as shown by the final order of distribution and settlement, which is in this record here.

The purpose of the order for continuing the business was, clearly, we think, to conserve for the benefit of the heirs or beneficiaries, and perhaps contingently also of creditors, the personal property contained in the store. The administratrix, by the inventory and appraisement filed as required by the Probate Code, charged herself with the appraised value of all that personal property, and in her report to the Inheritance Tax Commissioner she charged herself with the total appraised value of the estate, viz: $38,503.63. Out of that she deducted in that report the decedent's indebtedness at the date of death, viz: $12,922.97, which included taxes, court costs, appraiser's fees, funeral charges, burial lot and tombstone, family allowance, and exempt property allowed by the court as provided by the Probate Code; also $1120 administratrix fees and $1120 attorney's fees. The only other deductions against the total value of the estate in that report were the two items here in dispute, and the

premium on the bond of the administratrix, which is allowed out of the funds of the estate by express provision of the statute. Comp. Stat. 1920, Sec. 326; Rice v. Tilton, 14 Wyo. 101, 82 Pac. 579.

The right of the inheritance tax commissioner to question the deduction of the expenses contested here may be conceded for the purpose of this case upon the ground that the executor or administrator, or trustee, of an estate, is required by the inheritance tax law aforesaid to report to the commissioner and to pay or be responsible for the payment of the proper amount of inheritance tax due from the beneficiaries respectively, after allowing exemptions provided for by the inheritance tax statute. But that may not necessarily permit the commissioner to question, upon this appeal from the order determining the tax, the propriety of the court's order for a continuance of the business. Indeed, we do not understand the objection here to do that, but that the specific contention is that whether the order for continuing the business was proper or not, the expense incurred therein is not deductible as against the inheritance tax. The commissioner might, however, question the court's jurisdiction to make any such order. And perhaps we should consider that question of jurisdiction, and we open the discussion by saying that, in our opinion, the court did have such jurisdiction.

By our state constitution, district courts are expressly granted original jurisdiction of all cases at law and in equity, and in all criminal cases, in all matters of probate and insolvencies, and of such special cases and proceedings as are not otherwise provided for; also original jurisdiction of all proceedings and all cases in which jurisdiction shall not have been by law vested exclusively in some other court. Const., Art. V., Sec. 10. Thus, they are not only courts of original *general* jurisdiction, but are granted also original jurisdiction in all matters of probate. See Rice v. Tilton, supra. By the Probate Code (Comp. Stat. 1920, Sec. 6673) it is declared that they shall have exclusive orig-

inal jurisdiction of all matters relating to the probate and contest of wills and testaments, the granting of letters testamentary and of administration and the settlement and distribution of the estates of decedents; and that the particular court granting letters testamentary or of administration shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estate whereon letters have been granted. By the next succeeding section (6674) it is provided that for the purpose of issuing letters testamentary and of administration, filing reports, accounts and petitions of executors and administrators, filing claims, and issuing process and notice required by the probate code, the court shall be kept open in vacation, and the business pertaining thereto done by the court commissioner and the clerk, subject to the supervision of the court at the next ensuing term. Also, by Section 6675, that the district judges within their respective jurisdictions and the court commissioners within the counties to which they shall be appointed, shall have the power to make orders in vacation for the sale of personal property at "public or private vendue;" for the compounding of debts; for the settlement of an estate as insolvent; for the approval of bonds and all such other orders of an ex-parte nature as may facilitate the settlement of estates. That a court with such complete original, and, as to probate matters, even exclusive, jurisdiction, may entertain jurisdiction to direct the continuance of the business of a decedent pending administration proceedings, seems to be well settled by the authorities, subject only to objection or correction in the same manner as other proceedings of which the court has jurisdiction.

Where an administratrix, under order of a "county court" in Colorado, continued the decedent's manufacturing business, which resulted in a profit, obligations incurred by her for goods furnished in the conduct of the business were held to be claims against the estate and not against the administratrix personally. Fleming v. Kelly, 18 Colo. App.

23, 69 Pac. 272. We feel justified in quoting parts of the opinion in that case, the italics being ours:

"It is true, the general rule is, as declared by the authorities, that it is not permissible for an executor or an administrator to engage in trade with the assets of the estate, or carry on the business of the decedent, unless expressly so directed by the will, *or authorized by the court,* which has charge of the administration of the estate. If he does, he must himself personally bear all expenses incurred, and all losses, and account for all profits.  *  *  *  The rule, however, is not without exceptions,—as, for instance, where it is necessary in a mercantile business or in a manufactory, temporarily, not for the purpose primarily of making profit upon sales, as in the ordinary course of business, but in order to dispose of and realize upon the assets of the business to the best advantage. Merritt's Estate v. Merrit, 62 Mo. 151.  *  *  *  In such cases, the purchase of some goods may be necessary for the purpose of aiding in the sale of the decedent's stock of goods, and these purchases will be treated as a necessary and allowable expense of settlement of the estate.  *  *  *  Williams' Executors (7th Eng. Ed.) 1794. In this case, the administratrix acted under the express order of the county court. The order is not set forth in the record, so that we are unable to determine from it whether the court exercised its discretionary power wisely or improvidently. The presumption must be in favor of the former, there being nothing to show the contrary.  *  *  *  In this state, county courts, in matters of probate business, relating to the settlement of the estates of deceased persons, are invested with exclusive and unlimited original jurisdiction, legal and equitable, and with large discretionary powers. The power to regulate and control settlement of such estates is expressly conferred upon them.  *  *  *  Primarily, their duty is to see that the assets of the estate are collected, and, if debts exist, convert it into money as speedily as possible, consistent with the exercise of proper business discretion, so as to prevent a sacrifice, in order that the claims of creditors may be satisfied, and the remainder, if any, be distributed among the heirs at law. It logically and reasonably follows that in furtherance of this general power, the court must have also such powers as may be incidental to it, and necessary to carry it out and effectuate the purpose. Among such inci-

dental powers must, of necessity, be included, in a proper case, the power to order the continuance of the business by the administrator, temporarily, at least, so as to dispose of the stock on hand to the best advantage. * * * It follows, also, that in order to carry out the power in such case, it may be absolutely necessary to purchase some other material; and, where such purchase is made under such circumstances, we cannot see how it can be other than an expense incurred in the settlement of the estate, and hence proper to be allowed as of the second class, (expense of administration), especially so where a profit to the general estate was realized from the business for which the purchase was made.''

The Supreme Court of Washington said in the case of In Re Ennis' Estate, 96 Wash. 352, 165 Pac. 119:

''The general rule is that a personal representative has no power to continue the business of a decedent unless expressly authorized by will, by statute, or by an order of the court. The only statute we have on the subject is Rem. Code, Sec. 1497, which provides: 'If it be made to appear to the satisfaction of the court that it will be for the interest of the estate to allow the executor or administrator to sell some or the whole of the personal estate at private sale, the court may so order.' Under the sanction of this statute the superior court, pursuant to petition of the administratrix, showing the consent of all the heirs, made an order authorizing and empowering her 'to sell said stock of goods at private sale in such manner as may to her seem best, and of her actions make due report to this court.' * * * In resisting the claims of appellants, counsel for the administratrix maintains that she had no authority to carry on the mercantile business, even under the order of the court, inasmuch as no statute confers that power on the court. There are two lines of decisions in this country upon that question; one upholding the jurisdiction of the probate and chancery courts to authorize a personal representative or trustee to continue decedent's business, the other denying such power. The general rule under which a personal representative is denied the power of continuing a decedent's business has some limitations. * * * We think the rule that accords to probate courts discretion to authorize the temporary continuance of a decedent's business by his per-

sonal representative is a salutary one, and that, under our Rem. Code 1497, our courts have power to make an order of that nature which would authorize payment of costs of sale as a part of the expenses of administration.''

In another Colorado case, Gordon-Tiger Company v. Loomer, 50 Colo. 409, 115 Pac. 717, where it appeared that an administrator had carried on a second hand store, the court said:

''Generally speaking, an administrator may not continue the business of a decedent, nor use the assets of the estate for business purposes. To this rule, however, there are exceptions, as where the decedent was engaged in the mercantile or manufacturing business, his representative may, *under order of court,* carry on the business for a sufficient time to close it up. (Italics ours.) The administrator, if properly authorized, could continue the business for the purpose of disposing of the stock to advantage, and might purchase necessary merchandise to make the property more salable. Such purchases would constitute a proper claim of the second class (expenses of administration) in the settlement of the estate.''

In Cornwell v. Deck, 2 Redfield's Surr. (N. Y.) 87, it was held, quoting from the syllabus:

''Where decedent was a merchant, and left a stock of goods in a retail store carried on by him,—Held, that it was a fair exercise of discretion by the administratrix, to employ a clerk to continue the sale at retail, instead of making a forced sale; and there being no proof of loss to the estate, the wages of the clerk must be allowed.''

In a Georgia case, Broderick v. Reid, 138 S. E. 18, the exceptions to the general rule are mentioned at some length, the court saying that substantially all the authorities agree that there are exceptions, ''or perhaps it is more correct to say there are instances where the rule does not apply.'' Citing 11 R. C. L. 142; Swaine v. Hemphill, 165 Mich. 561, 131 N. W. 68, 40 L. R. A. (N. S.) 201. The question of ex-

ceptions to the rule is discussed also in the recent case of
Harms v. Pohlmann, (Kansas City Court of Appeals) 297
S. W. 138. See also Succession of Wederstrandt, 19 La.
Ann. 494. In a recent California case, Estate of Burke,
198 Cal. 163, 244 Pac. 340, 44 A. L. R. 1341, the law is said
to be well settled in that state that if an administrator,
without being authorized to do so, carries on the decedent's
business, he does so at his peril. But, after citing cases, the
court said:

"The reasoning of those cases is not applicable in its
strict sense to cases in which the administrator is charged
with the duty, or vested with power to act, and the wisdom
of the course to be pursued is in doubt, and who, in the per-
formance or exercise of his duty or power, acts to the detri-
ment of the estate, provided he acted in good faith, and as
a cautious and prudent man would likely act under similar
circumstances."

And that principle controlled in the decision of the case,
which affirmed an order recognizing the propriety of an
administrator's acts.

In addition to the comprehensive powers granted the dis-
trict court in probate matters, by the Constitution and the
Probate Code, we have called attention above to the pro-
vision for vacation orders for the public or private sale of
personal property found in Section 6675, Comp. Stat. 1920,
which would seem to imply also authority therefor when
the court might be in session in term time. There is also
specific authority found in the Probate Code (Comp. Stat.
1920, Sec. 6912) which would seem to have been in the mind
of the district court when making the order in the Austin
estate continuing the business, since the court expressly
found thereby that the property might depreciate in value
and incur loss or expense by being kept. That section pro-
vides:

"At any time after receiving letters, the executor, ad-
ministrator, or special administrator may apply to the court
or judge and obtain an order to sell perishable and other

personal property likely to depreciate in value, or which
will incur loss or expense by being kept, and so much other
personal property as may be necessary to pay the allowance
made to the family of the decedent. The order for the sale
may be made without notice; but the executor, adminis-
trator or special administrator is responsible for the prop-
erty, unless, after making a sworn return, and on a proper
showing, the court or judge shall approve the sale."

The provisions of that section are certainly as clear and
comprehensive as to the power granted as the statute held
by the Supreme Court of Washington in the Ennis case to
be sufficient authority for a continuance of the decedent's
business. But if it might reasonably be held to be insuffi-
cient in itself for that purpose, we entertain no doubt that
from a consideration of all the probate code and constitu-
tional provisions referred to, the court had jurisdiction to
make the order. Whether it was made upon a proper show-
ing or not, if not immaterial here, cannot be considered upon
this appeal since the record is insufficient for that purpose;
the application for the order and the evidence introduced
on the hearing in connection with the application not being
shown by the record on this appeal. And the fault in not
bringing such matters into the record is that of the plain-
tiff in error. For the application was not asked for when
the plaintiff in error applied for the original papers to be
sent to this court as provided by law in a proceeding in
error, and there is nothing to show any attempt to preserve
the evidence heard upon the application. That is true also
with respect to the order allowing a monthly salary to the
administratrix in managing the store, although that matter,
as we shall show, is to be quite easily determined upon an-
other consideration.

It is perhaps to be explained that a motion was made in
this case to dismiss the proceeding in error on the ground
of the absence of a bill of exceptions or any showing as to
the filing of a motion for a new trial. That motion was de-
nied because it was not made clear to the court that a bill
or a motion for a new trial was or might have been neces-

sary; but we said, in concluding the opinion upon the motion to dismiss, that should it appear upon a further hearing of the cause that any material part of the record could not be considered without a bill, objection might be made at any such further hearing upon that ground. The case being in that situation, we hold that the item of $3336 must be considered as an expense of administration properly deductible from the gross amount of the estate, as against the inheritance tax, and that in so finding and determining the district court committed no error, and that the court's finding and determination of the amount of the tax in that respect must be sustained. It might perhaps be added also before concluding the discussion upon this point that no report of the administratrix in the probate proceedings is in the record, other than the report made to the inheritance tax commissioner. Yet we know from the district court's final decree of distribution in the probate proceedings that a final report was filed by the administrator, who also reported, as we are led to understand from the recitals of that decree, her transactions in the matter of managing and continuing the business aforesaid.

The probate code provides with respect to allowable commissions and fees of an executor or administrator, that the administrator shall be allowed commissions upon the amount of the estate accounted for by him; for the first $1000 at the rate of ten percentum; for all above $1000 and not exceeding $5000, at the rate of five percentum; for all above $5000 and not exceeding $20,000, at the rate of three percentum; and for all above $20,000 at the rate of two percentum. That in all cases such other allowance may be made as the court may deem just and reasonable for extraordinary services, but that the total amount of such extra allowance must not exceed one-half the amount of commission allowed by said section. Comp. Stat. 1920, Sec. 6853. The administratrix in her report to the inheritance tax commissioner credited herself with $1120 fees, which would be the amount regularly allowable to her as commissions

upon the total amount of the estate accounted for, namely, $38,503.63. In that report, the administratrix computed the value of the inheritance payable to herself and daughter as $10,472.33 for each, or a total of $20,944.66, subject as to each to the statutory exemption of $10,000, as to which exemptions, we understand, there is no complaint. It appears from the order of the court determining the tax that there was added to the total of the value of the inheritance as stated in said report the sum of $639.96, making the gross valuation of each inheritance at the sum (subject to exemptions) of $10,792.31 instead of $10,472.33, as found in the report of the administratrix, or a total of $21,584.62. Deducting that difference ($639.96) from the $1200 allowance for which the administratrix took credit in such report to the commissioner, the balance is shown to be $560.04. And $560, being one-half of the commission regularly allowable, the court might jurisdictionally and under a proper showing (and there is no showing here to the contrary) have allowed the said sum of $560 for special or extraordinary services.

Our attention has been called to this situation in the brief of defendant in error as showing that the court did not finally allow, as against the inheritance tax, the total sum of $1200 for her extra services in managing the store, but only the sum of $560 (disregarding the four cents) which the court had authority to allow extra above the commissions by virtue of the statute aforesaid prescribing the allowable fees and commissions for an administrator. And we think, there being no contrary showing, that we must understand the court to have limited the allowance for such extraordinary services to the sum of $560, substantially, *as against the inheritance tax.* Whether he allowed the remainder of the $1200 to her in the final distribution of the estate is immaterial here, since it is a matter of which the inheritance tax commissioner could not complain. And it does not appear that there was any objection to any such allowance on the part of the creditors or the heirs. This

consideration we think entirely sufficient to dispose of the contention here as to the deduction of the allowance for extra services for the administratrix in managing the business of the store.

We need not consider, therefore, whether such an allowance might have been made to the administratrix solely for her *personal* services in managing and continuing the business of the store, outside the duties devolving upon an administrator by the statute. But the fact that there are authorities sustaining such a proposition, as well as some opposing it, has not escaped our attention. The judgment must be affirmed, and it will be so ordered.

*Affirmed.*

Blume, Chief Justice, and Kimball, Justice, concur.