[Civ. No. 829. Fourth Appellate District.—January 27, 1933.]

In the Matter of the Estate of H. V. MASSENA, Deceased. ROBERT BRUCE SCOTT, Appellant, v. CHARLEY MASSENA, Administrator, etc., Respondent.

256

Matthew S. Platz for Appellant.

Brittan & Mack, M. G. Brittan and Alfred Siemon for Respondent.

VAN ZANTE, J., *pro tem.*—This appeal is from an order made by the probate court settling and allowing the amended first report and first account of the administrator in the above-entitled matter, which amended report and account had been filed on the twenty-first day of September, 1931.

At the time of the hearing the matter of heirship of appellant had not been determined, although a petition therefor was pending.

The report showed that letters of administration issued on the sixteenth day of June, 1930, and that the estate was of the value of $52,481.60. As the amended report of the administrator tends to show the conditions and circumstances that confronted him, we therefore quote the following therefrom:

"Petitioner alleges that the principal asset of the estate consisted of the Massena Hotel, in Bakersfield, California, which included the furniture, fixtures, and appliances

therein and the good will thereof; that the hotel building was and is such that it could not readily be used, sold or rented for any other purpose than hotel purposes; that the good will of the hotel business was a very substantial part of the assets in connection with the hotel; that deceased had built up the business and good will by many years of careful attention to the same; that within the last two or three years the hotel business in the city of Bakersfield had underwent a severe change resulting from the erection of two fine hotels, and by consequent reduction of rates and a wider distribution of the hotel business relating to hotels such as the Massena Hotel; that there is not now and never has been a possibility of disposing of the Massena Hotel for any other than hotel purposes, and any impairment of the good will or business of said hotel would very materially detract from the value of the property employed in such business; that in the judgment of your administrator it was for the best interest and the highest advantage of the estate that the hotel be kept open and conducted as such during the administration so that the good will of said business would not be impaired and the business might be exhibited to the prospective buyers in a going condition; and that it was necessary to keep said hotel open for the purpose of properly conserving and preserving the assets of the estate. Petitioner alleges that during said time said administrator has been endeavoring to lease, rent or sell said premises in order to pay the existing mortgage thereon. He has been compelled to rent said property and the rooms therein in order to keep intact the value of said hotel as a going hotel. Petitioner alleges that during said time he has advertised in the papers, personally sought agents for the purpose of selling said hotel, but that due to the present existing depression in financial circles, he has been unable to secure a purchaser or secure a tenant or person who is willing to lease said premises, in an amount which would properly provide the proper return on the present investment, and in connection with this, this petitioner has advertised in the papers in Los Angeles, in San Francisco, in Bakersfield and other cities. That from the moneys obtained from the operation of said business he has placed the whole thereof in an administrator's account as such in the First National Bank in Bakersfield, and all the moneys received from the

operation of renting said properties, said moneys have been deposited to the account for the benefit of said estate, and said properties have always been conducted for the direct benefit and profit to the estate.''

The amended account filed by the administrator is detailed and long. The appellant filed written exceptions and objections to the account indicating wherein the account as filed did not comply with section 921 of the Probate Code, and alleging mismanagement on the part of the administrator, and further alleging that the administrator continued the business of deceased at a loss without procuring an order of court. ■ After an extended hearing the trial court in its order settling the amended report and the first amended account of the administrator finds and decides, with certain exceptions which we deem relatively unimportant, that the allegations of the report and account are true. The account shows an income from conducting the business amounting to $9,667 and expenses incurred, in conducting the business, including the extra compensation allowed the administrator, amounting to $8,807.09. This shows a net profit of $859.91. The evidence adduced at the hearing was ample to sustain the findings made by the probate court. The sufficiency of the evidence to sustain the order is not questioned by appellant. ''This court is bound by the finding of the trial court on a question of fact, if the finding is supported by any substantial evidence. Appellant has not pointed out wherein the above finding is not sufficiently supported, but we have, nevertheless, examined the record and find there is sufficient evidence to support it.'' (*Estate of Burke,* 198 Cal. 163, at page 166 [244 Pac. 340, 341, 44 A. L. R. 1341].)

■ Appellant complains that the account shows that numerous specified items were paid as debts of the deceased, without any showing that claims therefor were presented and allowed. However, he admits that sufficient proof was produced to justify the payment of the items under section 929 of the Probate Code, if that section applies. No authority is cited, and we know of none, holding that this section does not cover this particular situation.

■ The appellant contends that the administrator, in continuing the business of the deceased, incurred losses which are not chargeable against the estate because he had

no valid order for the purpose of continuing the business. Respondent contends that there were no losses and the expenses incurred, of which appellant complains, were incurred for necessary repairs, betterment and preservation of the property entrusted to his care. In this they refer to items not included within the $8,807.09 which we have formerly referred to as operating expense of the hotel.

The evidence adduced at the hearing strongly indicates to us that all these items allowed by the probate court were intended and were necessary for the preservation of the property belonging to the estate, including the goodwill of the hotel. It was shown at the hearing that the administrator was an experienced hotel man and had the consent of all the known heirs at the time these expenses were incurred. We think that under the circumstances the probate court was justified in approving the account. Here was a going business of which the goodwill was a substantial part, entrusted to the care of the administrator who by reason of his experience presumably knew best how to preserve the property for whom it was intended, as contemplated by the provisions of section 581 of the Probate Code, one provision of which reads as follows: ''He (executor or administrator) must keep in good tenantable repair all houses, buildings and fixtures thereon which are under his control.'' In referring to the same authorities cited by appellant, including *In re Rose's Estate,* 80 Cal. 166 [22 Pac. 86],. on which he particularly relies, our Supreme Court said in *Estate of Burke, supra:* ''It is a fact that the administrator herein acted without having first submitted the question of the completion of the contracts to the judgment of the probate court. In some jurisdictions such a failure on his part would be regarded as a sufficient reason for the disallowance of an expenditure of the estate's funds. But this court has not gone to the extent that some jurisdictions have gone and made the procurement of the permission of the court absolutely essential to the allowance of an expenditure made by the administrator. In *In re Clos's Estate,* 110 Cal. 494 [42 Pac. 971], it was said: 'It would have been better, perhaps, as it would in any case, had the executrix first procured the permission of the probate court to make the contemplated improvement before proceeding thereto; but this is not an

indispensable condition to the allowance of the demand in her account, where it appears that the expenditures were just and reasonable, and have been made in the interests of the estate. (*Estate of Moore*, 88 Cal. 1 [25 Pac. 915].)' The probate court having examined into the matter before us, concluded that the administrator had acted reasonably in the premises and approved his action. We emphasize the recommendation made by the court and add that in all cases where there is room for doubt as to the duty of the administrator or as to the policy that should be pursued, the judgment of the probate court should be consulted before any steps are taken that might seriously affect the funds of the estate."

*Riedy* v. *Bidwell*, 70 Cal. App. 552 [233 Pac. 995, 998], is a case not unlike the case at bar. The trial court rendered judgment adverse to the executor. The District Court of Appeal, after reviewing, we believe, all California cases bearing on the questions involved here, said: "By virtue of the carrying out of the terms of the contract in the instant case the estate stood to receive a very considerable benefit: first, in the fact that the business would be more presentable to any intending or prospective purchaser as a 'going concern', and hence more salable and at a higher price than though it were 'closed down'; secondly, as a 'going concern' and by reason of its reasonable use the various machinery, equipment, and property generally would not deteriorate and therefore depreciate in value to the same extent as though standing idle; and, thirdly, there was a possibility not only of having the taxes and general upkeep bills paid by reason of the operation of the business, but as well a net profit to the estate of six per cent on the investment. The contract was not illegal in itself. Having been made by the executor presumably for the purpose of preserving the property of the estate, as well as with the expectation of earning a profit therefrom, it would have been within the power of the court to make allowance to the executor in his account for his proper and necessary expenses in connection therewith. (*In re Rose's Estate*, 80 Cal. 166 [22 Pac. 86].) Had there been no net profit over and above the stipulated fixed salaries of the respective employees, or had the net profit, as estimated solely by dollars and cents, been nominal in amount, no good

reason would appear why in effect the contract should not have been recognized and ratified. That under the apparently skillful guidance and management of the plaintiffs the result of business operations was changed from a loss to a considerable gain should in no way militate against the legitimacy of the contract. The plaintiffs in all good faith performed their part of the agreement. It is but right and just that the defendants should be compelled to compensate the plaintiffs in accordance with the terms of the agreement. The judgment is reversed.''

We think the order made by the probate court should be affirmed and it is so ordered.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1933.