[Civ. No. 14579.   Second Dist., Div. Three.   June 27, 1945.]

CALIFORNIA EMPLOYMENT STABILIZATION COM-
MISSION, Appellant, v. THELMA C. HANSEN, Re-
spondent.

Robert W. Kenny, Attorney General, and Clarence A. Linn, Gordon Hughes and Doris H. Maier, Deputies Attorney General, for Appellant.

Nixon A. Lange for Respondent.

FOX, J. pro tem.—Plaintiff brought this action against Thelma C. Hansen, also known as Thelma Simonsen, for the

collection of contributions, interest and penalties alleged to have accrued from December 12, 1937, to July 24, 1939, under the provisions of the California Unemployment Insurance Act (Stats. 1935, chap. 352, as amended; Deering's Gen. Laws, Act 8780d). The complaint alleged that defendant had been an employer during said period and subject to the provisions of said act and that she had failed to make the required contributions. From a judgment in favor of defendant plaintiff appeals.

During his lifetime, Olaf M. Hansen owned and operated a trucking business in Bell, California, known as "Hansen Truck Line." He died on December 11, 1937, and the respondent, his widow, was appointed administratrix of his estate. As such administratrix she was duly authorized by the probate court under section 572 of the Probate Code to continue the operation of said business. Respondent did, in accordance with the authority granted by said order, conduct and operate said trucking business until July 25, 1939. At that time the probate of the estate was completed and respondent was discharged as administratrix without an accounting. The assets of the estate, including the trucking business, were thereupon distributed to respondent as the sole heir. No taxes were paid by respondent individually, or by the estate during the period said business was operated by it. Contribution reports, however, were filed on behalf of the estate for the quarters ending September 30, June 30 and March 31, all in 1939. Appellant filed no creditor's claim in said estate, though notice to creditors was duly published.

The trial court found that during the period here in question the "Hansen Truck Line" was operated by the estate of Olaf M. Hansen, deceased, and that said estate was an "employer" within the meaning of that term as used in section 9 of the California Unemployment Insurance Act. It also found that respondent was not engaged in business, as alleged by appellant, during said period and therefore that respondent was not personally indebted to appellant for the alleged contributions.

Appellant contends that notwithstanding the order of the probate court authorizing respondent to continue the operation of the decedent's business, she is nevertheless personally liable for contributions under the said act during the period she operated said business as administratrix of the said estate. Respondent, however, contends that since she was authorized

to continue to operate said business by the probate court, under section 572 of the Probate Code, she is thereby relieved from any personal liability for such contributions during said period. In our opinion respondent's position must be sustained.

■ The general powers of an executor or administrator do not ordinarily authorize him to bind the estate (*First Nat. T. & S. Bank* v. *Industrial Acc. Com.* (1931), 213 Cal. 322, 325 [2 P.2d 347, 78 A.L.R. 1324]), nor to continue the business of the decedent except where the carrying on of a business would be cast upon the executor or administrator as a necessary means for the preservation of the estate. (*Riedy* v. *Bidwell* (1925), 70 Cal.App. 552, 555 [233 P. 995]; *Estate of King* (1942), 19 Cal.2d 354, 359 [121 P.2d 716]; *Estate of Scherer* (1943), 58 Cal.App.2d 133, 144 [136 P.2d 103].) If he carries on the business of the decedent upon his own responsibility he does so at his own risk. (*Estate of Burke* (1926), 198 Cal. 163, 166 [244 P. 340, 44 A.L.R. 1341].)

■ If an executor, pursuant to express authority therefor in decedent's will, continues the operation of a business, his obligations, properly incurred therein, are charges against the estate. (*Estate of Ward* (1932), 127 Cal.App. 347, 357 [15 P.2d 901]. See, also, *Riedy* v. *Bidwell, supra,* at p. 555, and *Estate of Burke, supra.*) As pointed out in the Burke case, where there is authority for carrying on the business and the estate is liable for the obligations incurred, the reasons for charging the executor or administrator with a personal liability do not exist. ■ The amendment to section 1581 of the Code of Civil Procedure in 1929, now section 572 of the Probate Code, gave the probate court power to authorize an executor or administrator to continue the operation of a decedent's business. (*Estate of Ward, supra; Estate of Smith* (1936), 16 Cal.App.2d 239 [60 P.2d 574]; *Estate of Allen* (1941), 42 Cal. App.2d 346 [108 P.2d 973].) The purpose of the Legislature in adopting section 572, Probate Code, was to permit the business of a decedent to be continued upon the order of and under the direction of the court for the benefit of the estate. (*Estate of Allen, supra,* at p. 352.) The effect of that section is to make claims arising under such circumstances a charge against the estate rather than one against the administrator or executor personally. (*Estate of Allen, supra,* at p. 351.) It cannot be questioned that the estate of Mr. Hansen would have been liable for the payment of any contributions which may have

accrued by reason of the operation of the business by the administratrix. An examination of the cases in this state relied on by appellant to support the proposition that an administrator or executor, and not the estate, is liable for obligations incurred by him in continuing the operation of a decedent's business, discloses that the personal representative either did not have express authority in the decedent's will therefor, or an order of court which authorized the continued operation of the business.

Since respondent was authorized by the probate court under section 572 of the Probate Code "to continue the operation of the decedent's business" she was acting as the agent of said estate in operating the business, and the estate and not the respondent, as the trial court found, was operating the business. Hence, the respondent was not liable as an employer for the contributions herein sought to be collected.

Appellant, however, contends that section 8.5 of the California Unemployment Insurance Act establishes the liability of respondent as an individual for the alleged contributions. The material portion of that section reads as follows: "§ 8.5. 'Employing unit,' as used in this act, means any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, *or* the receiver, trustee in bankruptcy, trustee or successor thereof, *or* the legal representative of a deceased person, which has, or subsequent to January 1, 1936, had, in its employ one or more individuals performing services for it within this State." (Italics added.) The effect of appellant's argument is that both the estate and the respondent personally are liable. But it is clear that we do not here have two employers or two employing units. The estate, according to the findings of the trial court, was the employer. The respondent "was not engaged in business as alleged by plaintiff" during the period here in question. To hold, however, that she was nevertheless liable for the said contributions, would be doing violence to the language of the quoted section of the act. It would mean construing the disjunctive "or" to mean "and." There is no foundation for such construction. We are not unmindful of the established rule that the act here under consideration is remedial in character and subject to a liberal construction to effectuate its purpose. (*California Emp. Com.* v. *Butte County etc. Assn.* (1944), 25 Cal.2d 624, 630 [154

P.2d 892].) However, the principle of liberal construction cannot be used as a pretext to create a liability against a person where none exists or appears to have been intended. In construing a remedial statute "reason must have its just proportion." (*County of Los Angeles* v. *Frisbie* (1942), 19 Cal. 2d 634, 639 [122 P.2d 526].)     The first reason against the construction here contended for by appellant is that it would be placing an undue responsibility upon an administrator or executor who was authorized and directed by the probate court to continue the operation of the decedent's business. It might well make financially responsible persons and concerns unwilling to act in such capacity. The second reason is that if the Legislature had intended that an administrator or executor who continues to operate a decedent's business pursuant to authority granted by the probate court should be personally liable for the contributions, it would have been simple to so provide in clear language. The absence, therefore, of any such language, is indeed significant. That the Legislature did not intend that an administrator should be personally liable under such circumstances is made manifest by the amendment of the act in 1939 (Stats. 1939, chap. 630), which became effective a few months after the Hansen estate was closed, which provides in section 46.1 that every administrator or executor of the estate of a deceased employing unit shall within 90 days after assuming office send due notice thereof in writing to the plaintiff and furnish plaintiff certain information. Failure to observe this requirement shall cause "the administrator or executor of the estate of the deceased employing unit to be personally responsible for all loss in contributions, penalties and interest attributable to such failure to notify the commission." It is thus made clear that the liability of an administrator or executor is not upon the basis that he was an "employer" or an "employing unit" under the act but upon the principle that he should be responsible for any loss that might be sustained by reason of his failure to perform a duty imposed upon him by law. If it had been considered that he was already liable under section 8.5 of the act, such an amendment would have been wholly unnecessary. It is significant also that the amendment imposes the same duty and the same penalty upon the assignee, receiver, trustee in bankruptcy or other representative of an insolvent employing unit, although the primary liability is that of the insolvent "estate." Furthermore, it is difficult to see how

a person can be held liable for contributions on the theory that he is an "employer" or an "employing unit" in the face of a finding, amply supported by the evidence, that during the period in question the person was not engaged in business.

■ Appellant also suggests that respondent should be held personally liable for the contributions because the estate was closed and distributed to her without an accounting. It is not contended that the appropriate provisions of the Probate Code were not followed nor that the necessary notices were not given. Appellant did not file in said estate any creditor's claim or other claim or demand for the contribution. It is clear from the correspondence of appellant that it was advised of the death of Mr. Hansen and that his estate was continuing to operate the "Hansen Truck Line" at least "a few months" prior to December 5, 1939. Even if appellant got this information after the estate was closed on July 25, 1939, it still had time and opportunity to pursue its remedy as a creditor of the estate under section 473, Code of Civil Procedure, if any grounds therefor existed. Appellant, however, took no steps to this end and did not file this action until September 28, 1942.

In view of our conclusions herein it is unnecessary to consider other grounds for an affirmance urged by the respondent.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.