[Civ. No. 48750. Second Dist., Div. Four. Dec. 9, 1976.]

*BAILEY-SPERBER, INC., Plaintiff and Appellant, v.
YOSEMITE INSURANCE COMPANY,
Defendant and Respondent.

*Reporter's Note: This case was previously entitled "Bailey-Sperber, Inc. v. Pensanti."

**COUNSEL**

Geffner & Mannis and Joseph Mannis for Plaintiff and Appellant.

Bregman & Lowenbach, Edward W. Lowenbach and Geoffrey R. Hudson for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Plaintiff appeals from an order dismissing its complaint after a demurrer thereto had been sustained without leave to amend. For the reasons set forth below we reverse the order.

Plaintiff, doing business as Century Landscape Contractors (Century), received a contract to perform certain work, including landscaping, for Pierce College, a public entity. It entered into a subcontract with S. J. Pensanti Masonry Contractor to perform part of the work called for under that contract. Thereafter, Mr. Pensanti died; no work was performed under the subcontract; and Century relet the subcontract at a loss to itself of over $5,000. Century sued Angela, the administratrix of

Mr. Pensanti's estate, S. J. Pensanti Masonry Contractor, and Yosemite Insurance Company (Yosemite). The first cause of action, against the administratrix and Masonry Contractor,[1] set forth a cause of action for breach of the subcontract. No question concerning that cause of action is involved in this appeal. The second cause of action alleges that Yosemite had issued, on behalf of Pensanti and his contracting company, the statutory bond required by section 7071.5 of the Business and Professions Code,[2] and sought recovery of the amount ($2,500) of that bond. Yosemite demurred; the demurrer was sustained without leave to amend[3] and dismissal followed. We reverse.

Section 7071.5 reads as follows: "The contractor's bond or cash deposit required by this article shall be a bond issued by an admitted surety in favor of the State of California, in a form acceptable to the registrar and filed with the registrar by the licensee or applicant, or in lieu thereof a cash deposit posted with the registrar. Such contractor's bond or cash deposit shall be for the benefit of (a) any person damaged as a result of a violation of this chapter by the licensee, (b) any person damaged by fraud of the licensee in the execution or performance of a contract, and (c) any employee of the licensee damaged by the licensee's failure to pay wages or fringe benefits."

Since it was not alleged that Pensanti was guilty of any fraud nor that plaintiff was an employee of Pensanti, the question herein involved is whether plaintiff has stated a cause of action under subdivision (a) of section 7071.5. Chapter 9, referred to in section 7071.5, lists, in article 7 commencing with section 7107 and following, 13 grounds for discipline of a licensed contractor. Of the grounds so listed, two are here significant.

Section 7107 provides: "Abandonment without legal excuse of any construction project or operation engaged in or undertaken by the licensee as a contractor constitutes a cause for disciplinary action."

---

[1] It is not clear from the record whether Masonry Contractor was a fictitious name under which Mr. Pensanti operated or a separate entity. The parties have briefed the case as though Mr. Pensanti was the subcontractor.

[2] Except as otherwise indicated, all statutory citations are to the Business and Professions Code.

[3] Since we conclude that the complaint stated a cause of action against Yosemite, we need not, and do not, consider whether the trial court should have granted leave to amend. On remand, Century will, of course, be entitled to seek leave to perfect its complaint if it so desires.

Section 7113 provides: "Failure in a material respect on the part of a licensee to complete any construction project or operation for the price stated in the contract for such construction project or operation or in any modification of such contract constitutes a cause for disciplinary action."

## I

We conclude that the complaint herein sufficiently alleges breach of both of the quoted sections.

■ (a) The complaint alleges, in paragraph 9 of the first cause of action (incorporated by reference in the second cause of action) that Pensanti and his contracting company "breached said sub-contract by failing to perform *any* [4] of the covenants and conditions thereof." If we understand it, Yosemite contends that there is no "abandonment" of a contract unless the contractor has begun operations thereunder and then ceased operations. The contention is without merit. If a party enters into a contract and then never shows up to even begin performance he has "abandoned" the contract.

■ (b) By the same token, a contractor who never begins performance of his contract has "failed in a material respect" to "complete" his contract.

■ (c) Yosemite contends that there is no violation of the 13 sections of chapter 7 above referred to unless the violations were "wilful." The statutory language does not sustain that contention. Three of those sections (§§ 7109, 7110, and 7116) require wilful misconduct; the other ten sections contain no such requirement. We must assume that the difference in statutory phraseology among the sections indicates a legislative determination to differentiate between conduct not subject to discipline where inadvertent and that subject to discipline even inadvertent.[5]

## II

Yosemite cites, and relies on, *Estate of Burke* (1926) 198 Cal. 163 [244 P. 340, 44 A.L.R. 1341]. That case is not helpful. It held only that, in a

---

[4] Italics added.

[5] Thus, as distinguished from the provisions of sections 7107 and 7113, section 7109 imposes discipline for departure from or disregard of plans or specifications, and failure to conform to accepted trade standards only if such deviations are willful.

case such as this where a person who has contracted to complete a construction contract dies, his personal representative may complete the contract at the expense of the estate. ■ The opinion recognizes that such representative has a choice between completing the contract, even at a loss, or not completing it with a resultant loss for breach of contract. That the administratrix here elected the second alternative is not a matter on which Yosemite can rely to escape liability.

## III

■ Yosemite calls attention to the fact that, since Pierce College is a public entity, Century could have required the delivery of a performance bond under section 4108 of the Government Code and argues that securing such a bond was Century's sole means of protecting itself against the kind of loss herein involved. We reject that theory. Had Century secured a section 4108 bond, it could have recovered the full amount of its loss. But Century was under no obligation to protect itself to that extent. It was entitled, as it did, to rely on the lesser protection afforded by the kind of bond herein involved.

The order of dismissal is reversed.

Dunn, J., and Jefferson (Bernard), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 3, 1977.