[Civ. No. 17905. Third Dist. July 16, 1979.]

MICKELSON CONCRETE COMPANY, Plaintiff and Appellant, v.
CONTRACTORS' STATE LICENSE BOARD,
Defendant and Respondent.

632

## Counsel

Marvin C. Marx for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Roy S. Liebman, Deputy Attorney General, for Defendant and Respondent.

## Opinion

**EVANS, J.**—Plaintiff Mickelson Concrete Company (Mickelson) appeals from a judgment (order denying petition for writ of mandate) entered after the superior court, exercising its independent judgment, determined the evidence supported the finding of the Contractors' State License Board that Mickelson violated sections 7109 and 7113 of the Business and Professions Code.

In November 1974, Michael Goff of Custom Exteriors, Inc. contracted with plaintiff for construction of a concrete slab at the Bowen Ranch in Colusa County; Mickelson verbally agreed to supply all labor for $1,148. Mickelson inspected the work site and was satisfied that the property was properly graded. He poured the slab and used wire reinforcement on the apron (front portion) of the slab but did not use expansion joints. Mrs. Bowen was initially satisfied with the slab but soon noticed large puddles of water and cracks; she was handicapped and used a "walker" and couldn't get to her car because of the condition of the slab. She complained to Goff; and Goff, Mickelson, and others met her at the ranch. Mrs. Bowen wanted the old slab either torn out and replaced or poured over with a second slab. Goff thought a "pour over" would cure the defects, and Mickelson agreed. Mickelson claimed he informed Goff and Bowen that a pour over was not a proper solution, that the "high spots" in the slab should be ground and a slurry applied for the best results, that he prepared an unsigned contract in order to absolve himself of any responsibility for doing the repairs in the manner ordered by Bowen and Goff. Goff admitted Mickelson attempted to have him sign a

contract absolving Mickelson of further responsibility; however, he did not believe Mickelson mentioned the pour over as an unworkable solution or that he would not do the job. Mickelson did the pour over, but the result was worse than the initial slab.

Goff requested further repair work from Mickelson but Mickelson said he was having trouble with his bond and would not do anything until the bond was reinstated. Goff attempted a subsequent contact with Mickelson but was unsuccessful. He then hired Clyde Lauck to repair the slab at a cost of $4,531.75.

Lauck, a cement labor foreman, observed the Mickelson slab held standing water and was badly cracked. There were two layers of concrete; the top layer was one and one-half to two inches thick. It was not bonded correctly to the bottom layer (water separated the two) and broke "real easy." When Lauck took out the bottom layer he determined it was of random thickness ranging from three and one-half to eight inches—this indicated little if any finished grading was done before the concrete was poured. In his opinion the work did not meet accepted trade standards for good and workmanlike construction; it was not properly graded, there were no expansion joints, and it was badly finished. The slab was badly cracked, and most of the cracks could have been avoided by the use of expansion joints. No complaints were made as to the slab which he installed.

■ Where, as here, the trial court has rendered its independent judgment following a review of the evidence presented at the administrative hearing, the role of this court is to determine only whether there is substantial evidence to support the trial court's judgment. (*Shea* v. *Board of Medical Examiners* (1978) 81 Cal.App.3d 564, 577-578 [146 Cal.Rptr. 653].) ■ "Substantial evidence" has been defined as "relevant evidence of ponderable legal significance which is reasonable in nature, credible, and of solid value." (*Jarchow* v. *Transamerica Title Ins. Co.* (1975) 48 Cal.App.3d 917, 948 [122 Cal.Rptr. 470].) A single witness' testimony may be sufficient to satisfy the substantial evidence test. (*Ibid.*)

■ Section 7109 of the Business and Professions Code states in pertinent part: "Willful departure from . . . accepted trade standards for good and workmanlike construction in any material respect, and prejudicial to another without consent of the owner or his duly authorized representative, . . . constitutes a cause for disciplinary action." Mickel-

son's representation that he could repair the first slab with a pour over, his inadequate preparation of the bottom slab to accept a pour over, his failure to use expansion joints in either the first or the second slabs, and his failure to adequately grade for the first slab indicates a purposeful departure from accepted trade standards which may be properly characterized as "willful." (See Pen. Code, § 7, subd. 1; *Murrill* v. *State Board of Accountancy* (1950) 97 Cal.App.2d 709, 713 [218 P.2d 569].) Since Goff suffered additional expenditures because of Mickelson's failure to install an acceptable slab, there was substantial evidence to support the trial court's finding that Mickelson violated section 7109.

The court was not required to give credence to Mickelson's testimony that he informed both Goff and Mrs. Bowen that a pour over was an improper method of repair, that he read the contents of the contract absolving himself of responsibility before proceeding with the pour over to Goff and Bowen. (*McLaughlin* v. *Board of Medical Examiners* (1973) 35 Cal.App.3d 1010, 1014 [111 Cal.Rptr. 353]; cf. *Terminix Co.* v. *Contractors' State etc. Bd.* (1948) 84 Cal.App.2d 167, 174-175 [190 P.2d 24].)

■ Section 7113 of the Business and Professions Code states: "Failure in a material respect on the part of a licensee to complete any construction project or operation for the price stated in the contract for such construction project or operation or in any modification of such contract constitutes a cause for disciplinary action." There is no requirement that there be a "willful" failure to complete the construction project in order to violate the statute. (*Bailey-Sperber, Inc.* v. *Yosemite Ins. Co.* (1976) 64 Cal.App.3d 725, 728-729 [134 Cal.Rptr. 740].) The record supports findings that Mickelson agreed to construct the slab for a specified price, that the work which he did was unacceptable and did not meet trade standards, and that he failed to take appropriate corrective action after being repeatedly requested to do so. The evidence is substantial and supports the court's finding that Mickelson violated the section. (See *Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 921-923 [148 Cal.Rptr. 389, 582 P.2d 980].)

The judgment (order denying petition for writ of mandate) is affirmed.

Puglia, P. J., and Regan, J., concurred.